■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. VINCENT MARINO, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, dated February 15, 1974, which granted defendant's motion to suppress certain physical evidence. Order reversed and motion to suppress denied. On September 1, 1971, a complaint was received by the police that an assault had occurred at defendant's premises, an auto collision repair shop. Two city detectives went to the shop in response to the call. The owner-defendant proved evasive in discussing the alleged assault. While speaking with him, the police officers followed him into the area wherein the cars under repair were kept. Both of them noticed a dismantled Lincoln Continental that showed no visible signs of having been involved in an accident. Its vehicle identification number (V. I. N.) plate on the dashboard was exposed to view. On walking nearer they observed a shiny spot on the plate, which on closer inspection, showed an alteration of a digit from "3" to "8". After checking the hidden number for verification, one of the officers used the public telephone on the premises to make a call to the proper authority to ascertain if the automobile was listed as a stolen car. He was told that it was. When he left the phone he placed Marino under arrest. Concededly the detectives were there to check on the assault complaint and so had a right to be on the premises. And as probable cause for their action, the People point out that the suspicions of the police officers were properly aroused by the shiny plate and thus their subsequent actions were fully justified. In addition to his assertion that the officers were illegally in his inner premises, Marino raises the question of the applicability of the " plain view" doctrine and claims that it did not justify the actions of the detectives. In support of his contention, *Coolidge* v. *New Hampshire* (403 U. S. 443, 465) is cited. There the Supreme Court listed four examples of permissible use of the doctrine. The fourth states (p. 466): " Finally, the ' plain view' doctrine has been applied where

a police officer is not searching for evidence against the accused, but nonetheless inadvertently comes across an incriminating object", and the following paragraph adds: "What the 'plain view' cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused." The actions of the two detectives came within the "plain view" doctrine. We conclude, therefore, that what was done on the occasion in question was based on probable cause (*Brinegar* v. *United States*, 338 U. S. 160, 175–176) and complied with all constitutional guarantees. Shapiro, Acting P. J., Cohalan, Brennan, Benjamin and Munder, JJ., concur.