■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE CIARDULLO, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County, dated March 22, 1979, as, after a hearing, granted defendant's motion to suppress physical evidence and certain postinvestigative statements. Order reversed insofar as appealed from, on the law, motion to suppress denied as to the physical evidence and statements made during and after the search, and matter remitted to Criminal Term for further proceedings consistent herewith. On August 30, 1978 Police Officer Walter Puhlaski arrested one Giuseppe Liotta for possession of a stolen B.M.W. engine. Liotta advised the officer that he had received it from an auto body shop at 101-05 37th Avenue in Queens and offered to identify the supplier. The two men proceeded to the above address and Liotta identified defendant. Puhlaski learned that defendant was the owner of the shop and then, speaking slowly, advised him of his *Miranda* rights. He explained that he was investigating a stolen engine. Defendant offered the questionable explanation that he had discovered the engine involved on his doorway that morning and, fearing it had been stolen, had given it to Liotta, a junk dealer. The two men proceeded into the garage, which, Puhlaski testified, was open to the public. The officer noted two B.M.W. vehicles being repaired and asked to see work orders for the cars. Defendant produced a certificate for one bearing the Vehicle Identification No. (V.I.N.) 5011380 and Puhlaski proceeded to compare it to the number on the vehicle. He discovered that although the number matched the public V.I.N. on the dashboard, the dashboard plate had been affixed upside down. Investigating further Puhlaski learned that the Federal sticker required to be inside the door was missing. Finally, Puhlaski opened the glove compartment and discovered an insurance identification card bearing the V.I.N. No. 5011794 and the name of an automobile rental company. Puhlaski called in the latter V.I.N. and learned that that vehicle had been reported stolen. Upon questioning, defendant professed an even more dubious explanation—that a tall black man in a suit had brought the car in to be painted but had not picked it up. Puhlaski then checked the hidden V.I.N. under the hood and verified that the V.I.N. was 5011794. Investigating the second B.M.W., the hood of which had been removed, Puhlaski observed that the confidential V.I.N. had been cut out and a replacement had been welded in. The car was also in the process of being painted a different color. Defendant explained that one Wayne Cook had brought the vehicle in for repairs and then produced an insurance certificate in Cook's name. Confronted with the changed V.I.N. plates, defendant explained that the vehicle had been demolished when he had received it and that he was replacing various parts from a spare B.M.W. which he had purchased from an unknown Hispanic male. Defendant had no record of this purchase and, contrary to his initial assertion, he stated that the engine which Liotta had picked up had been from the demolished vehicle. Criminal Term reviewed

the above facts and concluded that it was impossible to determine with reasonable certainty the circumstances surrounding the officer's entry into defendant's business premises. The court further noted that the defendant had an almost incomprehensible Spanish accent and required a court interpreter, which contrasted with the officer's testimony of a running dialogue. It concluded that this had been a full-blown investigation and search of business premises without benefit of a warrant. Inasmuch as there had been no proof of consent and no circumstances which would justify the warrantless search, the court suppressed the physical evidence which had been discovered and the oral statements made during and after the search. The court's concern with the lack of consent was unwarranted. What a person knowingly exposes to the public, whether in his own home or office, is not a subject of Fourth Amendment protection (Katz v United States, 389 US 347, 351). Officer Puhlaski's uncontradicted testimony established that defendant's garage had been open to the public. An affirmative consent, waiving defendant's Fourth Amendment rights, was not required. Officer Puhlaski, as any other citizen, was free to enter the premises. Therefore, his presence in the garage was proper, and the B.M.W. vehicles were thereafter inadvertently discovered in "plain view". Inasmuch as a stolen B.M.W. engine had been the subject of the investigation, it was no more than proper police work to conduct further investigation to ascertain if either vehicle had been its source (see People v Moorer, 58 AD2d 878; People v Marino, 45 AD2d 1036). Puhlaski's further action revealed an altered V.I.N. plate in plain view. This provided grounds for the additional investigation, which ultimately revealed that the vehicle had been stolen. Similarly, the minimally intrusive check of the second B.M.W. revealed, in plain view, an altered V.I.N. plate. The officer's observation of the B.M.W. vehicles reasonably led to the investigation of the cars and his discovery of the tampered V.I.N. plates properly resulted in the discovery that at least one car had been stolen. The ultimate seizure of evidence was therefore proper. It was also error to suppress any of defendant's statements. Although Criminal Term expressed concern with defendant's difficulty with the English language, it denied defendant's motion to suppress statements made prior to Puhlaski's viewing of the V.I.N. numbers and further search of the vehicles. It found such statements were made voluntarily. In fact, defendant's attorney conceded that defendant converses in English. The statements that were suppressed were found inadmissible solely because they were tainted by an unauthorized search. Our present holding that the search was proper carries with it the conclusion that the statements made during this proper investigation and search should not be suppressed. Hopkins, J. P., Damiani, Gulotta and O'Connor, JJ., concur.