■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR RODRIGUEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Buschmann, J.), rendered February 5, 1982, convicting him of attempted robbery in the first degree, after a nonjury trial, and imposing sentence.

Judgment affirmed.

Although the prosecutor indulged in some instances of improper conduct, under the circumstances we conclude defendant was not deprived of a fair trial, especially in view of the fact that this was a nonjury case (*People v D'Abate,* 37 NY2d 922; *People v Brown,* 24 NY2d 168; *People v Lombardi,* 76 AD2d 891; cf. *People v Zappacosta,* 77 AD2d 928). Nor was defendant deprived of the effective assistance of counsel. Accordingly, the judgment is affirmed. O'Connor, J. P., Weinstein, Lawrence and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK SALAMINO, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County (Beerman, J.), dated November 14, 1983, which, after a hearing, granted defendant's motion to suppress certain physical evidence.

Order reversed, on the law and the facts, motion denied, and matter remitted to the Supreme Court, Queens County, for further proceedings.

We find the evidence at the suppression hearing conclusively established that Police Officer Gambino, while lawfully on the premises of C & J Auto Body, properly viewed the tampered vehicle identification number plate on the dashboard of the vehicle which was claimed to be owned by defendant and which was the subject of the charges against him. Inasmuch as the tampered VIN plate was in open view and the Cadillac was at the entranceway to the premises, such observation "involv[ed] no Fourth Amendment search" (*Texas v Brown,* 460 US 730, 738, n 4; *People v Class,* 63 NY2d 491; *People v Ciardullo,* 74 AD2d 580).

Accordingly, defendant's suppression motion should have been denied. Titone, J. P., Mangano, Gibbons and O'Connor, JJ., concur.