■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARK OST, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Pitaro, J.), dated February 1, 1985, which, after a hearing, granted those branches of the defendant's omnibus motion which sought the suppression of physical evidence and statements made by him to the police.

Order affirmed.

Police officers entered the defendant's automobile repair shop and, without a search warrant and without seeking or obtaining the defendant's permission, inspected his books and records which were contained in the front office. Thereafter, the officers searched the premises and found a stolen vehicle in the rear of the building. Based on the defendant's possession of this stolen property, he was arrested, and he subsequently made statements to the police.

The hearing court properly suppressed the stolen car, vehicle identification number and statements of the defendant made subsequent to the illegal search.

The prohibition against unreasonable searches and seizures applies to administrative inspections of business and commercial properties *(see, Sokolov v Village of Freeport,* 52 NY2d 341). A businessman, like the occupant of a residence, has a constitutional right to go about his business free from unreasonable official entries upon his private commercial property *(see, See v City of Seattle,* 387 US 541). However, where a person is engaged in a business which is the subject of a longstanding and pervasively regulated pattern of close supervision and inspection, he possesses a diminished expectation of privacy and "this privacy interest may, in certain circumstances, be adequately protected by regulatory schemes authorizing warrantless inspections" *(Donovan v Dewey,* 452 US 594, 599; *see, United States v Biswell,* 406 US 311; *Colonnade Corp. v United States,* 397 US 72; *People v Pace,* 101 AD2d 336, *affd* 65 NY2d 684). The warrantless search under the *Colonnade-Biswell* exception is not authorized for the automobile repair business.

Initially, it is important to note that the police were not lawfully on the premises. Vehicle and Traffic Law § 415-a (5)

(a) authorizing warrantless inspections of books and records of vehicle dismantlers, and New York City Charter § 436 authorizing warrantless inspections of pawnbrokers, vendors, etc., were recently held unconstitutional by the Court of Appeals *(see, People v Burger,* 67 NY2d 338). Thus, even if applicable to vehicle repair shops, those invalidated provisions could not save the search at bar. Moreover, Vehicle and Traffic Law § 398-d (3) concerning inspections of books and records of an auto repair shop permits inspections only by the "Commissioner or his designee". In the instant case the record is silent concerning any proper designation of the police by the commissioner. Nor are we persuaded by the contention presented for the first time on appeal, that Vehicle and Traffic Law § 423 designates police officers to inspect the books and records of automobile repair businesses. Vehicle and Traffic Law § 423 does not apply, as it merely states, "it shall be [the] duty [of the police] to investigate and make arrests for violations of the provisions of this chapter". There is no provision for arrest under Vehicle and Traffic Law § 398-d and the plain language of § 423 does not "designate" the police to inspect books and records.

Furthermore, contrary to the People's argument, also raised for the first time on appeal, the seizure of evidence was not within the "plain view" doctrine. The police officers were not on the premises to conduct a lawful search and the discovery of the evidence was not "inadvertent" nor was it "immediately apparent" that the car was stolen and evidence of a crime *(see, Coolidge v New Hampshire,* 403 US 443, 466, *reh denied* 404 US 874). The vehicle was observed in the rear of the defendant's shop during the course of a search conducted without a warrant and without the defendant's permission. It is clear from the record that the vehicle was not in an area readily accessible to the public, nor in open view, nor at the entranceway to the premises; therefore, the "plain view" doctrine is inapplicable here *(cf. People v Salamino,* 107 AD2d 827).

Finally, the defendant's statements to the police following his arrest were certainly the product of the unlawful arrest which was based on his possession of the stolen vehicle. Therefore, the hearing court properly suppressed those remarks as being the fruit of an unlawful arrest *(see, Dunaway v New York,* 442 US 200). Gibbons, J. P., Brown, Lawrence and Kooper, JJ., concur. [127 Misc 2d 183.]