■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD ACITO, Appellant.—Appeals by the defendant from two judgments of the Supreme Court, Kings County (Corriero, J.), both rendered September 4, 1985, convicting him of criminal possession of stolen property in the first degree, under indictment No. 3462/84 and a violation of Vehicle and Traffic Law § 415-a (1), under indictment No. 3463/84, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial (Broomer, J.), after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain physical evidence and statements made by the defendant.

Ordered that the judgments are affirmed.

A review of the record indicates that the defendant's statements and certain physical evidence were properly held to be admissible. The police officers were lawfully on the premises wherein the defendant was found and could question the defendant concerning whether he had a license for his dismantling activities, which were properly viewed by the police (see, People v McIver, 124 AD2d 520; see also, People v Salamino, 107 AD2d 827). Upon an indication that the defendant had no license, he was promptly arrested for a violation of Vehicle and Traffic Law § 415-a (1) and advised of his Miranda rights. The defendant's subsequent statements were admissible since it is not disputed that he voluntarily waived his Miranda rights and agreed to talk to the police. Further, all of the physical evidence which formed the basis of certain counts of indictment No. 3462/84 was admissible since it was obtained either after (1) the defendant voluntarily consented

to a search of the premises or (2) the issuance of an undisputedly valid search warrant. Since there is no indication in the record that the challenged physical evidence was discovered pursuant to the purported inspection authority granted to the police by Vehicle and Traffic Law § 415-a (5) (a) or New York City Charter § 436, we need not reach the issue of the constitutionality of those statutes (cf., New York v Burger, 482 US —, 96 L Ed 2d 601, revg 67 NY2d 338). Thompson, J. P., Bracken, Lawrence and Harwood, JJ., concur.