■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT C. SAURINI, Appellant. [607 NYS2d 518] —Judgment unanimously reversed on the law, motion to suppress granted and new trial granted. Memorandum: Two Deputy Sheriffs obtained information relayed by a 911 dispatcher that defendant might be growing marihuana on his property. They entered a neighbor's yard, and, with the neighbor's consent, observed vegetation growing behind defendant's residence. The deputies took pictures and then entered defendant's yard and uprooted and seized 18 marihuana plants growing in a flower bed immediately behind defendant's home. The plants were located between eight inches and three feet from the structure and were enclosed by a white rope attached at each end to the house.

The suppression court erred in denying defendant's motion to suppress all evidence obtained as a result of that warrantless entry. Warrantless seizures are per se unreasonable *(Coolidge v New Hampshire,* 403 US 443, 454-455; *Katz v United States,* 389 US 347, 357). To establish that the entry was proper, the People were required to show either that the entry did not offend the Fourth Amendment of the US Constitution or New York's analogous provision (NY Const, art I, § 12) or that probable cause existed for the entry and that one of the recognized exceptions to the warrant requirement applied *(see,*

*Coolidge v New Hampshire, supra).* The People contend that the entry was justified under either the plain view or open fields doctrine. We conclude that neither doctrine justifies the seizure of defendant's plants.

Although the deputies were in a place (the neighbor's yard) where they had a lawful right to be when they conducted their search, they entered defendant's premises without permission and were not lawfully present on defendant's premises when the plants were seized. "If 'plain view' justifies an exception from an otherwise applicable warrant requirement * * * it must be an exception that is addressed to concerns that are implicated by seizures rather than by searches" *(Horton v California,* 496 US 128, 134). The deputies did not have lawful access to the plants at the time of the seizure, thus negating an essential element of the plain view doctrine *(see, People v Diaz,* 81 NY2d 106, 110; *Horton v California, supra,* at 136-137). Further, probable cause alone, no matter how incontrovertible, cannot support a warrantless seizure *(see, Horton v California, supra,* at 137; *People v Spinelli,* 35 NY2d 77).

The flower bed located immediately behind the house was within the curtilage *(see, Florida v Riley,* 488 US 445 [marihuana growing in greenhouse in residential backyard some 20 feet from home within curtilage]; *California v Ciraolo,* 476 US 207 [marihuana growing in greenhouse in residential backyard]; *United States v Depew,* 8 F3d 1424 [area six feet from garage and 50 to 60 feet from house within curtilage]; *Wattenburg v United States,* 388 F2d 853 [area in backyard some 35 feet from residence]; *cf., United States v Dunn,* 480 US 294, 301). Thus, the open fields doctrine does not apply *(see, People v Scott,* 79 NY2d 474; *Hester v United States,* 265 US 57).

Finally, we note that the People do not contend that the entry was justified by exigent circumstances nor is there evidence in the record to support such a contention. (Appeal from Judgment of Monroe County Court, Egan, J.—Criminal Possession Marihuana, 1st Degree.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.