■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND P. ACKERMAN, Appellant. [650 NYS2d 1019] —Peters, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered November 22, 1994, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree.

A burglary occurred at Orange County Plumbing Supply Company in the City of Kingston, Ulster County on January 2, 1994. The video surveillance tape from the premises depicted a white male, approximately 5 feet 8 inches in height, loading copper pipe onto the back of a company truck between 3:50 and 4:50 A.M. that morning. Investigation by Detective James Maisenhelder of the Kingston Police Department revealed that an individual was seen unloading copper piping from an Orange County Plumbing truck into a U-Haul truck later the same day. Upon inquiry of a local U-Haul rental center, authorities discovered who rented the truck and that upon its return, it contained small pieces of copper filings on its floor. The police also discovered that defendant intended to return to rent a smaller truck, which they later confirmed by surveillance of the premises.

The police followed defendant and another individual in that truck to the Toy City Motel in Greene County, where they physically surveilled the area for two days until Maisenhelder and another observed defendant leave his room, get into the U-Haul truck and drive it across the road to an unoccupied section of the motel. It was there that defendant was observed bending what seemed to be new copper piping and placing it into the back of the U-Haul. Upon the arrival of backup units, defendant was arrested behind the motel with a piece of copper piping in his hand. Five bundles of new copper piping were piled up nearby and numerous pieces of bent copper tubing were found inside the truck. With the permission of the owner of the motel, the basement area of the unoccupied portion was

searched where additional pieces of copper piping were discovered. All such piping was later identified as belonging to Orange County Plumbing.

After arrest, defendant was transferred to the State Police barracks where he gratuitously offered information about the stolen property to a police investigator prior to receiving his *Miranda* rights. Immediately upon making such statement, *Miranda* warnings were given, with defendant thereafter admitting that he had taken the pipe from the Orange County Plumbing. After agreeing to speak with Maisenhelder and again being advised of his *Miranda* rights, additional oral admissions were made which were later reduced to writing.

The sole issue presented on appeal is whether County Court properly denied defendant's motion to suppress. Upon these facts, we conclude that County Court properly denied suppression of the oral and written statements since defendant was advised of his rights on at least two occasions and, after fully understanding the ramifications thereof, made such statements freely and voluntarily. Any credibility questions arising from conflicts in testimony during the suppression hearing were best resolved by County Court, which had the advantage of observing the witnesses (*see, People v Polito*, 169 AD2d 990, *lv denied* 77 NY2d 999).

Despite the fact that defendant's omnibus motion alleged no privacy interest in the back of the motel sufficient to confer standing, County Court held a hearing on the motion to suppress physical evidence seized at that location. We find that the court properly concluded that defendant failed to demonstrate that he had a legitimate expectation of privacy therein (*see, People v Ortiz*, 83 NY2d 840; *People v Rodriguez*, 69 NY2d 159; *People v Ponder*, 54 NY2d 160). " *'The test of legitimacy is not whether the individual chooses to conceal assertedly "private" activity. Rather, the correct inquiry is whether the government's intrusion infringes upon the personal and societal values protected by the Fourth Amendment'* " (*People v Scott*, 79 NY2d 474, 484 [emphasis in original], quoting *Oliver v United States*, 466 US 170, 182-183). Defendant's reliance upon *People v Saurini* (201 AD2d 869) and *People v Ost* (121 AD2d 571) is misplaced.

As to all remaining contentions, including any derivative right to counsel, we have reviewed them and find them to be without merit (*see, People v Steward*, 88 NY2d 496; *People v Bing*, 76 NY2d 331).

Mikoll, J. P., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.