■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAYMOND J. MACHOVOE, Respondent. [662 NYS2d 949] —Order unanimously affirmed and indictment dismissed. Memorandum: County Court properly granted the motion to suppress evidence obtained by a Batavia police detective as the result of a warrantless entry into the area behind the trailer where defendant was residing. The record supports the court's determination that the detective was not invited or granted permission to enter the area and that no exigent circumstances justified the entry (see, People v Saurini, 201 AD2d 869; People v Abruzzi, 52 AD2d 499, affd 42 NY2d 813, cert denied 434 US

921). Because the warrantless entry was not justified, the People may not rely on the plain view doctrine to justify the seizure of tangible evidence from defendant's premises. The underlying presumption of the plain view doctrine is "that the viewing officer had a right to be in a position to have had that view" (*People v Abruzzi, supra,* at 502, citing *Harris v United States,* 390 US 234). Further, even if the detective had viewed the items of tangible evidence from a lawful vantage point, he was not entitled to enter the premises or seize those items without a warrant (*see, People v Saurini, supra,* at 870; *see also, People v Spinelli,* 35 NY2d 77).

We reject the contention of the People, made for the first time in their legal memorandum following the suppression hearing, that defendant failed to establish that he had standing to make the suppression motion. Defendant's motion papers contain a sworn statement that defendant resided at the trailer, and the only witness at the suppression hearing confirmed that statement. Given the People's failure to dispute defendant's standing in a timely manner, defendant bore no further burden to establish his standing (*see, People v Carter,* 86 NY2d 721, 722-723, *rearg denied* 86 NY2d 839; *People v Whitfield,* 81 NY2d 904, 906). (Appeal from Order of Genesee County Court, Dadd, J.—Suppression.) Present—Green, J. P., Pine, Wisner, Balio and Fallon, JJ.