■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS O. CONWAY, Appellant. [660 NYS2d 749] —Casey, J. Appeal from a judgment of the County Court of Schoharie County (Lamont, J.), rendered July 7, 1993, upon a verdict convicting defendant of the crimes of murder in the second degree and endangering the welfare of a child.

Defendant's convictions for murder in the second degree and endangering the welfare of a child resulted from the June 16, 1992 death by suffocation of the four-month-old son of defendant's live-in girlfriend. At the time, the child was alone in defendant's care. Defendant allegedly held the child's head to his chest to stop the child from crying. Defendant then threw the child into his crib where he landed face down. Defendant also threw a baby bottle into the crib and did not check on the child for several hours thereafter. When defendant did check, the child was blue, and defendant then summoned help from neighbors and emergency personnel who were unable to revive the child. The child was pronounced dead when he arrived at the hospital. Upon his conviction, defendant was sentenced as a second felony offender to an indeterminate prison term of 25 years to life on the murder conviction to run consecutively with an undischarged 2 to 5-year sentence imposed in May 1988 upon a prior conviction of endangering the welfare of a child.

Defendant also received a concurrent one-year sentence for the present conviction of endangering the welfare of a child.

Defendant argues on appeal that County Court erred in failing or refusing to suppress the statements he made to police investigators on June 17 and 18, 1992, as these statements were tainted by his alleged custodial detention. In the course of their initial investigation, the State Police requested defendant's parole officer to locate defendant so that he could be questioned about the child's death. The parole officer and State Police Investigator Raymond Postawa located defendant, who was staying with a relative in the Town of Middleburgh, Schoharie County. Upon arrival there, the parole officer approached defendant and told him that they "would have to talk about this", and defendant accompanied the parole officer to the car and was placed in the back seat. Whether defendant entered the vehicle voluntarily or was advised to do so is a disputed fact that County Court resolved against defendant. In any event, the vehicle was driven a few blocks by Postawa to a municipal garage in the Town of Richmondville, Schoharie County, where they were met by several more State Police Investigators. After agreeing to an interview with Investigator Jeffrey Smith, defendant was transferred to one of the other State Police vehicles for a trip to the State Police barracks in Loudonville, Albany County. Smith testified that, upon entering the vehicle, defendant was fully informed of his *Miranda* rights, acknowledged that he understood such rights and agreed to be interviewed. Defendant denied that he was so informed by Smith or that he waived any of his rights. Defendant claims that his parole officer ordered him to cooperate fully with the State Police and he felt compelled to do so.

Defendant and the investigators arrived at the Loudonville barracks at about 8:30 P.M. and defendant was taken to Investigator Joseph Peptis' office. County Court ruled that it was at this point that a reasonable person in defendant's position would have believed he was in custody (*see, People v Bailey*, 140 AD2d 356, 358). Whether, as defendant claims, his custody commenced earlier is immaterial because defendant was not questioned by the State Troopers prior to his arrival at the Loudonville barracks. Because he was not interrogated, it cannot be concluded that his later statements were tainted by any prior custodial questioning. Furthermore, having been fully informed of his *Miranda* rights on several occasions and having understood and waived those rights, we find, based on the totality of the circumstances, that defendant's statements at the Loudonville barracks were voluntary (*see, People v Co-*

*rey*, 233 AD2d 773, 774, *lv denied* 89 NY2d 984). The issue of credibility that inheres in this determination was within the province of County Court and its determination is entitled to great deference (*see*, *People v Ackerman*, 233 AD2d 769). Accordingly, the statements were properly ruled admissible.

We further find, contrary to defendant's contention, that County Court's *Sandoval* ruling was proper. In this regard the court permitted cross-examination of defendant concerning a prior conviction of rape in the second degree, which involved consensual sex with a female under 14 years of age. We find that, inasmuch as the rape conviction demonstrated that defendant was predisposed to placing his own self-interest and personal gratification above the interests of society, the conviction was relevant on the issue of defendant's credibility and, therefore, County Court's ruling was appropriate (*see*, *People v Lynch*, 209 AD2d 827, *lv denied* 84 NY2d 1034). Moreover, the record establishes that the court engaged in the requisite balancing analysis, limited questioning regarding the prior conviction to impeachment purposes and properly instructed the jury that the evidence could only be considered for the purpose of evaluating defendant's credibility.

We also find no error in County Court's admission of evidence indicating that defendant exhibited offensive and abusive conduct against the victim's mother when the child was present. Such testimony is relevant to the charge of endangering the welfare of the child (*see generally*, *People v Wilcox*, 194 AD2d 820, 821). Moreover, the admission of testimony recounting such altercations when the child was not present was properly corrected by the court's curative instructions.

Finally, we find, contrary to defendant's contention, that the evidence, when viewed in the light most favorable to the People (*see*, *People v Harper*, 75 NY2d 313, 316-317), is legally sufficient to support defendant's conviction of murder in the second degree. Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (*see*, CPL 470.15 [5]; *People v Bleakley*, 69 NY2d 490, 495).

We have examined defendant's other claims of error and find them to be lacking in merit. Accordingly, the judgment is in all respects affirmed.

White, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.