■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN P. KELLY, Appellant. [705 NYS2d 689] —Spain, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered June 3, 1998, upon a verdict convicting defendant of the crimes of rape in the third degree and endangering the welfare of a child.

In November 1997, defendant was indicted on two counts of rape in the third degree (Penal Law § 130.25 [2]) and two misdemeanor counts of endangering the welfare of a child (Penal Law § 260.10 [1]). The charges stem from accusations by two girls that on separate occasions in the summer of 1995 defendant engaged in sexual intercourse with them when they were 15 years of age (victim 1) and 13 years of age (victim 2). Defendant was either 24 or 25 years old at the time of the incidents. Following a jury trial at which, *inter alia*, both victims testified to defendant's having had sexual intercourse with them as charged and defendant testified denying the charges, defendant was convicted of the rape and misdemeanor counts as to victim 1 but acquitted of those charges with regard to victim 2. Defendant was sentenced as a second felony offender to prison terms of 2 to 4 years for the rape conviction and one year for the misdemeanor conviction, to run concurrently. Defendant appeals.

We affirm. Defendant's first claim is that the jury's verdict was contrary to the weight of the evidence, primarily because the testimony of victim 1 was partially contradicted by the testimony of her friend; that there was no medical proof or proof of sexual relations between victim 1 and defendant other than her testimony; and that she did not report the crime until 18 months after it occurred and did so with a vengeful motive. Viewing the evidence in a neutral light, and according deference to the jury's opportunity to view these witnesses, hear their testimony and observe their demeanor, we cannot conclude that the jury failed to give the conflicting evidence the weight it should be accorded (*see, People v Bleakley*, 69 NY2d 490, 495).

Victim 1 testified that one evening in June or July 1995, when she was 15 years old—after drinking alcohol provided by defendant outside of defendant's house in the company of her friend, defendant and defendant's friend—she and her friend went into defendant's house to use the bathroom; defendant thereafter came inside, her friend went outside and, after exiting the bathroom, she voluntarily engaged in sexual intercourse with defendant in his bedroom. She then left with her friend and did not report the incident to police until December 1996. This was the only time she ever engaged in sexual relations with defendant. She testified that she later pressed these charges because defendant had been harassing her and her boyfriend, and their prior efforts to press other unspecified charges against defendant had been unsuccessful. She admitted that she may have told a former boyfriend that this incident had not occurred, because she liked him. Notably, the friend of victim 1 testified that one time that summer she had gone to defendant's house with victim 1 but left before victim 1 and did not see her and defendant in the house together or recall alcohol being provided. Defendant testified that victim 1 had never been at his house and denied ever having sexual relations with her (or victim 2). He explained that he knew victim 1 through her boyfriend, and attributed her accusations to her boyfriend, who had defendant arrested four times and procured a restraining order against him. Upon our independent review of the contradictory evidence, we cannot agree with defendant's contention that the testimony of victim 1 was unworthy of belief and note that corroboration of her testimony was not required where her incapacity to consent was the product of her age (see, People v Soulia, 263 AD2d 869, 871-872, lv denied 94 NY2d 829; Penal Law §§ 130.16, 130.25 [2]). We also conclude that the relatively insubstantial contradictions presented by her friend's testimony—which in fact refuted defendant's claim that victim 1 had never been to his house—did not render the verdict contrary to the weight of the evidence (see, CPL 470.15 [5]).

We likewise reject defendant's claim that County Court abused its discretion in denying his motion to sever the counts in the indictment related to each victim (see, CPL 200.20 [3]). The crimes charged were joinable as they involved the same statutory/Penal Law provisions (see, CPL 200.20 [2] [c]) and proof of each crime was separately presented, uncomplicated and easily distinguishable (see, People v Burnett, 228 AD2d 788, 789; People v Groves, 157 AD2d 970, lv denied 75 NY2d 919). The fact that the jury acquitted defendant of all charges related to victim 2 is strong evidence that the jury separately

considered the evidence as to each victim and that defendant was not actually prejudiced by the joinder (*see, People v Burnett, supra,* at 789).

Further, a review of the evidence presented at trial reveals no substantial difference in the quantum of proof as to each victim (*see, id.,* at 789-790; *People v Simms,* 172 AD2d 336, 337-338, *lv denied* 78 NY2d 974). The primary proof against defendant consisted of the testimony of the respective victims, which was refuted by defendant's corresponding denials, as well as some proof that each victim had a motive to falsely accuse him and had (or may have) told a friend that the incident did not occur. While the contradictory evidence required the jury to make various credibility determinations and it apparently resolved some of them in defendant's favor with respect to the charges for which he was acquitted, there was no substantial or material variance in the quantity of proof with respect to each victim (*see, id.*). Further, defendant was not deterred from testifying based upon the joinder (*see, People v Lane,* 56 NY2d 1, 8; *People v Burnett, supra,* at 790). In view of the foregoing, we find that County Court did not err in concluding that defendant had failed to demonstrate good cause for severance.

We also find to be without merit defendant's assertion that County Court abused its discretion in ruling that, if he were to testify, the prosecution could cross-examine him regarding the fact that he had been previously convicted of certain crimes, i.e., sexual abuse in the first degree, reckless driving and petit larceny (*see, People v Williams,* 56 NY2d 236, 238-239; *People v Sandoval,* 34 NY2d 371). The court determined that since the only witnesses with direct knowledge of whether defendant engaged in sexual relations with the victims would be the victims and defendant, defendant's credibility was to be a main issue at trial and defendant's prior convictions bear directly on his credibility and willingness to place his self-interest ahead of that of society (*see, People v Conway,* 241 AD2d 752, 754, *lv denied* 91 NY2d 871; *see also, People v Sandoval, supra,* at 377). Contrary to defendant's contentions, the record reveals that County Court properly balanced the competing factors in making its ruling (*see, id.; People v Strauss,* 238 AD2d 721, 723, *lv denied* 91 NY2d 836; *see also, People v Walker,* 83 NY2d 455, 458-459) and we do not conclude that the probative value of this evidence was outweighed by its prejudicial effect (*see, People v Mangan,* 258 AD2d 819, 820, *lv denied* 93 NY2d 927). The fact that there is some similarity in the prior sexual abuse conviction to the crimes charged did not automatically preclude

inquiry into that conviction which was relevant to defendant's veracity (*see, People v Pavao,* 59 NY2d 282; *People v Bennette,* 56 NY2d 142, 146-148; *People v Cuddy,* 210 AD2d 730, 731, *lv denied* 88 NY2d 846). Significantly, the court limited the inquiry to the enumerated convictions and did not permit questioning regarding the underlying facts or circumstances, and properly instructed the jury that the evidence could only be considered to evaluate defendant's credibility as a witness (*see, People v Conway, supra,* at 754). Further, the record does not support defendant's related claim that the prosecutor exceeded the bounds of the *Sandoval* ruling.

We next address defendant's contention that he is entitled to a new trial based upon the People's failure to timely disclose two written statements to police given by victim 1. In her first statement of November 1996, victim 1 reported that victim 2 told her that she had engaged in sexual intercourse with defendant in 1995, but victim 1 did not also state that she herself had engaged in sexual intercourse with defendant. In her second statement of December 1996, victim 1 asserted, *inter alia,* that in June 1995 after consuming beers outside defendant's house, she went inside and had sexual intercourse with defendant in his bedroom; she indicated that the others present at defendant's house were her friend and Matt Aldrich. In December 1997 the defense had specifically requested *Brady* material, including the names of all persons present at or near the scene of the alleged rape of victim 1. However, these statements were first turned over to the defense as *Rosario* material on the Friday before the Monday start of the April 1998 trial.

While the People had an unquestionable duty to disclose exculpatory material in their control, with regard to the first statement, defendant's right to a fair trial was not compromised by the delayed disclosure as defense counsel was given a meaningful opportunity to use the purportedly exculpatory statement to cross-examine victim 1 or as evidence at trial (*see, People v Cortijo,* 70 NY2d 868, 870; *People v Brown,* 67 NY2d 555, 559, *cert denied* 479 US 1093; *People v Demand,* 268 AD2d 901, 902-903; *People v Tessitore,* 178 AD2d 763, 764, *lv denied* 79 NY2d 1008).

With regard to the second statement, defendant claims on appeal that he was unable to locate Aldrich to call him to testify to refute the victim's testimony. However, defense counsel did not raise this issue during the trial, nor did he request a continuance or a missing witness charge. Further, defendant did not move to set aside the verdict based upon the postverdict af-

fidavit of Aldrich claiming simply that he was never at defendant's house at a time when victim 1 was there (CPL 330.30). Moreover, the victim's second statement was not itself exculpatory and, in any event, defense counsel had a meaningful opportunity to use it at trial (*see, People v Cortijo, supra,* at 870). To the extent that defendant's claim is that the People failed to timely disclose the names of those present, as requested, rather than to produce the victim's second statement, this issue is unpreserved.

We have reviewed defendant's remaining contentions and determine that they are either unpreserved for our review or do not warrant disturbing the judgment of conviction.

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.