■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKIE REDMAN, Appellant. [713 NYS2d 856] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered May 13, 1993, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him to concurrent terms of 2⅓ to 7 years, unanimously affirmed.

Where defendant, during his direct testimony, gave the jury a misleading impression of the nature of the property on his person at the time of his arrest, he opened the door to evidence concerning a crack pipe that had been previously precluded by the court's *Sandoval* ruling. It should be noted that the court specifically cautioned the defense to be wary of any testimony which might open the door to permit such cross-examination. Accordingly, the court properly exercised its discretion in modifying its ruling to permit cross-examination by the prosecutor on that subject in order to impeach defendant's credibility (*see, People v Fardan*, 82 NY2d 638, 646).

Given the overwhelming evidence of guilt, defendant could

not have been prejudiced by the court's refusal to give a limiting instruction concerning the crack pipe. Since defendant requested a completely different limiting instruction, defendant's present claim that the court should have instructed the jury that the crack pipe was only relevant to credibility is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find any error in this regard to be harmless. Concur—Rosenberger, J. P., Nardelli, Tom, Mazzarelli and Rubin, JJ.