■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY R. FOSMER, Appellant. [743 NYS2d 179] —Carpinello, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered June 13, 1997, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (three counts) and endangering the welfare of a child (three counts).

In November 1996, defendant was charged in an eight-count indictment with four counts of sexual abuse in the first degree and four counts of endangering the welfare of a child stemming from allegations that he had sexual contact during the previous summer with four young girls, ranging in ages from 8 to 10. A pretrial motion to suppress a written statement to police in which he confessed to having sexual contact with the two oldest victims but denied having sexual contact with any other children was denied.[1] Following a jury trial, he was found guilty of three counts of sexual abuse in the first degree and three counts of endangering the welfare of a child (he was acquitted of the counts stemming from the youngest girl's allegations). Sentenced to an aggregate prison term of 10 to 20 years, defendant appeals.

None of the four contentions raised by defendant on appeal has merit; accordingly, we affirm. We first reject defendant's claim that County Court abused its discretion in denying a motion to sever the four counts pertaining to the two oldest victims. All eight charges were joinable pursuant to CPL 200.20 (2) (c) in that the "offenses are defined by the same or similar statutory provisions and consequently are the same or similar

---

1. Defendant does not contest the denial of this suppression motion on appeal.

in law." Defendant argues that, because he confessed to having sexual contact with these two victims, there was a substantial difference in proof concerning those charges pertaining to them, thus warranting severance (*see*, CPL 200.20 [3] [a]). In this case, proof of each of the eight charges was "separately presented, uncomplicated and easily distinguishable" (*People v Kelly*, 270 AD2d 511, 512, *lv denied* 95 NY2d 854; *see*, *People v Burnett*, 228 AD2d 788, 789), even taking into consideration defendant's statement containing a partial confession.[2] The proof primarily consisted of each victim's testimony detailing how defendant touched her in the genital area over clothes, the testimony of the officers who took defendant's statement and defendant's denial of all allegations. Even taking into account the partial confession in the statement, there was not a "substantial" variance in the quality of proof with respect to each victim (*see*, *People v Cabrera*, 188 AD2d 1062; *People v King*, 170 AD2d 710, *lv denied* 77 NY2d 997; *People v Casiano*, 138 AD2d 892, *lv denied* 72 NY2d 857; *cf.*, *People v Daniels*, 216 AD2d 639). Moreover, defendant failed to make a convincing showing that he had important testimony to give concerning the allegations of the older victims, but a genuine need to refrain from testifying concerning the younger ones (*see*, CPL 200.20 [3] [b]; *see also*, *People v Lane*, 56 NY2d 1, 10). Finally, and importantly, he did not demonstrate that the jury would be unable to separately consider the proof of each crime (*see*, CPL 200.20 [3] [a]; *see also*, *People v Johnson*, 268 AD2d 891, *lv denied* 94 NY2d 921); indeed, it acquitted him of those counts pertaining to the youngest girl (*see*, *People v Kelly*, *supra* at 512-513; *People v Jones*, 236 AD2d 846, *lv denied* 90 NY2d 859; *People v Cunningham*, 229 AD2d 669; *People v Burnett*, *supra* at 789).

Also unpersuasive is defendant's claim that County Court erred in permitting the prosecutor to ask him on cross-examination whether he had been accused of sexual abuse in the past since the prosecutor indicated before trial that there were no *Sandoval* issues in the case. However, it was defense counsel who twice asked defendant on direct examination whether he had ever been accused of molesting children before, to which he responded in the negative. Thus, the door was

---

**2.** At trial, defendant took the stand in his own defense and denied having sexual contact with *any* of the four victims. Although he admitted that he signed a statement to police, he testified that he was not read his *Miranda* rights before making it, that the interviewing detective provided much of the "factual" information contained in it and that he signed it only after certain threats and promises were made. He also claimed to have signed it because he "[j]ust wanted to get the thing done and over with."

open for the prosecutor, who then demonstrated a good faith basis for the inquiry, to question defendant about such a prior accusation (*see, People v Winney*, 180 AD2d 913, 914, *lv denied* 79 NY2d 1056).[3] We are particularly unpersuaded by defendant's claim that it was the prosecutor's obligation, upon hearing these questions posed by defendant's own attorney, to object and affirmatively prevent introduction of such testimony. To the contrary, when a defendant's direct examination opens the door to otherwise improper or precluded evidence, the People are entitled to address any misleading impression given to the jury via cross-examination (*see, e.g., People v Redman*, 275 AD2d 658, *lv denied* 95 NY2d 968; *People v Brown*, 252 AD2d 598, 600, *lv denied* 92 NY2d 923; *People v Marsh [Sharp]*, 248 AD2d 743, 743-744, *lvs denied* 92 NY2d 856, 860). In any event, given the strict limitations put on the prosecutor concerning his ability to cross-examine defendant on this issue (*see*, n 3, *supra*), any error was harmless.

Finally, upon our review of the voir dire transcript, we are satisfied that defendant's *Batson* objections (*see, Batson v Kentucky*, 476 US 79) to the People's use of peremptory challenges on numerous male jurors were properly denied. In short, the record supports County Court's findings that the People offered nonpretextual explanations for the challenged jurors, findings which are entitled to great deference by this Court (*see, People v Hernandez*, 75 NY2d 350, 356, *affd* 500 US 352). Furthermore, upon our review of the facts and circumstances of this case, we decline to reduce defendant's sentence in the interest of justice (*see, e.g., People v Koury*, 268 AD2d 896, 898, *lv denied* 94 NY2d 949).

Peters, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.

---

**3.** In response to the question, defendant replied, "Not that I know of." The prosecutor, pursuant to County Court's ruling, was bound by this answer and was precluded from inquiring further or introducing collateral evidence to rebut same.