■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD MONTE, Appellant. [756 NYS2d 293] —Rose, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered March 14, 2001, upon a verdict convicting defendant of the crimes of attempted rape in the first degree, sexual abuse in the first degree (two counts), attempted sexual abuse in the first degree and endangering the welfare of a child.

Defendant was charged in an eight-count indictment with having had various sexual contacts with two 10-year-old girls in 1998. As to the first victim, the first through fifth counts and the seventh count, respectively, charged defendant with sodomy in the first degree, attempted rape in the first degree, sexual abuse in the first degree (two counts), attempted sexual abuse in the first degree, and endangering the welfare of a child. As to the second victim, counts six and eight, respectively,

charged defendant with sexual abuse in the first degree and endangering the welfare of a child. County Court denied defendant's pretrial motion for severance of counts six and eight and, at the start of jury selection, granted the People's motion to amend those counts by changing their statement of the year in which the alleged crimes occurred from 1998 to 1999. At the close of the People's proof, defendant moved for dismissal of counts one, six and eight for a failure of proof. County Court granted that motion only as to count one. Thereafter, the jury found defendant guilty of the remaining counts regarding the first victim and he was acquitted of both counts regarding the second victim. Defendant was then sentenced to concurrent prison terms, with the longest being an indeterminate term of 7½ to 15 years. Defendant appeals, and we affirm.

We find no merit in defendant's sole contention that County Court abused its discretion in denying his motion to sever the two counts pertaining to the second victim merely because they involved a separate, less severe incident in a different year and at a different place. The original eight charges certainly were joinable, regardless of the involvement of different victims, because the "offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law" (CPL 200.20 [2] [c]; *see People v Fosmer*, 293 AD2d 824, 824-825, *lv denied* 98 NY2d 696). Here, the proof of the eight charges was "separately presented, uncomplicated and easily distinguishable" (*People v Kelly*, 270 AD2d 511, 512, *lv denied* 95 NY2d 854; *see People v Burnett*, 228 AD2d 788, 789). Further, we find no abuse of discretion merely because the indictment originally indicated that the crimes all occurred in the same year, and the People then later sought to amend the indictment to correct a typographical error by changing the date as to the second victim. We are also unpersuaded by defendant's argument that the jury could not have separately considered the proof of each crime (*see* CPL 200.20 [3] [a]; *see also People v Johnson*, 268 AD2d 891, *lv denied* 94 NY2d 921). Each victim testified as to her separate encounters with defendant, and County Court's instructions distinguished both the counts of the indictment and the allegations of each victim. Moreover, the fact that the jury found defendant not guilty on the counts relating to the second victim strongly indicates that it considered the charged crimes and the proof thereof discretely and appropriately (*see People v Kelly*, *supra* at 512-513; *People v Jones*, 236 AD2d 846, *lv denied* 90 NY2d 859; *People v Cunningham*, 229 AD2d 669).

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.