THIRD DEPARTMENT, MAY, 2005

(May 5, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS McCOMBS, Appellant. [795 NYS2d 108]—

Spain, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered October 7, 2002, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (four counts) and criminal sale of a controlled substance in the third degree (three counts).

Defendant sold crack cocaine from his home in the City of Schenectady, Schenectady County, to the same undercover officer three times; two of the sales occurred within minutes of each other on November 7, 2001, and the third occurred on November 28, 2001. Approximately two weeks later, the Schenectady police executed a search warrant and found a quantity of cocaine in defendant's freezer. Defendant was convicted following a jury trial of three counts of criminal sale of a controlled substance in the third degree and four counts of criminal possession of a controlled substance in the third degree. Upon his convictions, defendant was sentenced to concurrent prison terms of 7 to 21 years for two counts each of criminal sale and criminal possession for the November 7, 2001 transactions; concurrent prison terms of 7 to 21 years for one count each of criminal sale and criminal possession for the November 28, 2001 transaction, and 6 to 18 years for the one count of criminal possession of cocaine resulting from the search warrant. The two sets of concurrent sentences were ordered to be served consecutively to each other as well as to the 6 to 18-year sentence, resulting in an aggregate prison sentence of 20 to 60 years.

Defendant appeals, initially contending that his statutory

right to a speedy trial was violated. While conceding that the prosecution declared its readiness for trial within the six-month time limit (*see* CPL 30.30), defendant relies upon the fact that formal laboratory testing of the substance was not yet completed. Defendant asserts that the declaration of readiness was, as a result, "illusory." However, we have recently determined that "the fact that formal laboratory results were not obtained until after the expiration of the CPL 30.30 statutory period does not mandate a finding that [the prosecution's] statement of readiness was illusory" (*People v Van Hoesen*, 12 AD3d 5, 9 [2004], *lv denied* 4 NY3d 804 [2005]). Therefore, there is no merit to this claim.

Next, we reject defendant's contention that he was deprived of a fair trial due to prosecutorial misconduct. Reversal of a conviction for prosecutorial misconduct is warranted only where a defendant has suffered substantial prejudice such that he was deprived of due process of law (*see People v Russell*, 307 AD2d 385, 386 [2003]; *People v Tarantola*, 178 AD2d 768, 770 [1991], *lv denied* 79 NY2d 954 [1992]). Defendant contends that he suffered such prejudice when the prosecutor twice during summation expressed his personal opinion regarding defendant's truthfulness. Defendant failed to object at trial and, accordingly, this claim is unpreserved for our review (*see People v Ruiz*, 8 AD3d 831, 832 [2004], *lv denied* 3 NY3d 711 [2004]). In any event, the references were fleeting and, in our view, did not reflect a " 'flagrant and pervasive pattern of prosecutorial misconduct' " (*People v Jones*, 283 AD2d 665, 668 [2001], *lv denied* 96 NY2d 903 [2001], quoting *People v Demming*, 116 AD2d 886, 887 [1986], *lv denied* 67 NY2d 941 [1986]), and were not egregious (*see People v Ruiz, supra* at 832).

Similarly, we are unpersuaded by defendant's claim of prosecutorial misconduct related to the violation of County Court's *Molineux* ruling. While defendant is correct that the People's rebuttal witness's testimony included three references to uncharged criminal conduct which had been precluded by that ruling, one occurring during cross-examination by defense counsel, there is no indication of deliberateness, and any prejudice that may have resulted was ameliorated by the court's prompt response and repeated curative instructions to the jury (*see People v Johnson*, 13 AD3d 811, 813 [2004], *lv denied* 4 NY3d 799 [2005]; *see also People v Halm*, 81 NY2d 819, 821 [1993]).

We do, however, find merit to defendant's argument that his aggregate prison sentence of 20 to 60 years, although not the absolute maximum, was nonetheless unduly severe. Defendant's

documented criminal history consisted of several misdemeanors in this state, none of them drug-related, and three felony convictions dating back to the 1980s in North Carolina, where he grew up. Although each felony included an act of violence, the last felony was committed more than 13 years prior to these drug charges. Several compelling factors persuade us that consideration beyond that expressly afforded by County Court is warranted, including, among other things, defendant's mental health history, his diminished intelligence, his disability and terminal illness, as well as the close temporal proximity of these sales. Thus, we exercise our discretion in the interest of justice to provide for concurrent, rather than consecutive, sentences with respect to all charges related to the three sales (*see People v Smith*, 309 AD2d 1081, 1083 [2003]; *People v Holmes*, 304 AD2d 1043, 1045 [2003], *lv denied* 100 NY2d 642 [2003]; *People v Harris*, 288 AD2d 610, 619 [2001], *affd* 99 NY2d 202 [2002]; *People v Davis*, 267 AD2d 597, 598-599 [1999]).

We have reviewed defendant's remaining contentions, including that he received ineffective assistance of counsel at trial, and find they lack merit.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that the sentences imposed upon defendant for all charges related to the three sales be served concurrently, and, as so modified, affirmed.