■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HUNT, Appellant. [833 NYS2d 731]—

Mercure, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered January 7, 2000, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree, aggravated sexual abuse in the second degree, assault in the second degree, sexual abuse in the third degree and unlawfully dealing with a child in the first degree.

In 1999, defendant was charged in an indictment with numerous crimes arising out of his conduct with respect to three alleged victims (hereinafter victims A, B and C). Defendant was alleged to have kissed victim A, a 14-year-old minor, for the purposes of his own sexual gratification, and to have provided her with beer and marihuana. He allegedly sexually assaulted victim B in a bathroom at a party in the City of Plattsburgh, Clinton County. Finally, victim C alleged that defendant forced her to have sexual intercourse at a party at the same house in Plattsburgh. County Court denied defendant's motions to sever the counts relating to each separate victim as improperly joined. The jury ultimately found defendant guilty of rape in the first degree, sodomy in the first degree, aggravated sexual abuse in the second degree, assault in the second degree, sexual abuse in the third degree and unlawfully dealing with a child in the first degree. County Court denied defendant's subsequent motion to, among other things, set aside the verdict, and sentenced him to an aggregate term of 9¼ years in prison. Defendant later moved for resentencing, which was granted, and County Court imposed an additional five years of postrelease supervision. Defendant appeals and we now affirm.

Initially, defendant argues that County Court abused its discretion in refusing to sever the counts relating to the separate victims. Although the charges in the indictment involved three different victims and were based upon incidents that occurred months apart from one another, the charges were statutorily joinable as offenses "defined by the same or similar statutory provisions and consequently . . . the same or similar in law" (CPL 200.20 [2] [c]; see People v Nickel, 14 AD3d 869, 870 [2005], lv denied 4 NY3d 834 [2005]). Moreover, each of the victims testified separately regarding her encounter with defendant, the court's instructions distinguished between the charges and the jury found defendant not guilty of, among other things, all charges relating to victim B. Under these circumstances, we cannot say that County Court abused its discretion in refusing to sever the counts at issue (see CPL 200.20 [3]; People v Nickel,

*supra* at 870; *People v Monte*, 302 AD2d 687, 688 [2003]; *People v Kelly*, 270 AD2d 511, 512-513 [2000], *lv denied* 95 NY2d 854 [2000]).

We further reject defendant's argument that County Court abused its discretion in denying his motion for a mistrial after he alleged that the jurors were improperly influenced by an external source. Specifically, although defendant's prior reckless driving conviction had been deemed inadmissible at a *Sandoval* hearing, the widow of a man who was killed in the car accident resulting in that conviction allegedly told other spectators that defendant had "killed [her] husband." Inasmuch as this individual was also seen inquiring about an injured juror's foot and entering an elevator with a juror, defendant speculated that she may have negatively influenced the jury and thereby deprived him of a fair and impartial trial. In response, County Court reiterated its instructions to the jurors that they had a duty to report any contact with anyone regarding or related in any way to the case, and inquired whether any of the jurors had any such contact. None of the jurors responded. In the absence of any evidence that the jurors were actually exposed to or adversely influenced by the alleged contact with the individual in question, we agree with the People that the court's inquiry and curative instructions were sufficient to ensure that defendant was not prejudiced and the motion for a mistrial was properly denied (*see People v Knorr*, 284 AD2d 411, 412 [2001], *lv denied* 96 NY2d 903 [2001]; *People v Williams*, 264 AD2d 745, 746 [1999], *lv denied* 94 NY2d 831 [1999]; *People v Lyon*, 134 AD2d 909, 910 [1987], *lv denied* 71 NY2d 970 [1988]; *cf. People v Rivera*, 26 NY2d 304, 307-308 [1970]).

Finally, we are unpersuaded by defendant's assertion that he was deprived of a fair trial by prosecutorial misconduct. "Reversal of a conviction for prosecutorial misconduct is warranted only where a defendant has suffered substantial prejudice such that he [or she] was deprived of due process of law" (*People v McCombs*, 18 AD3d 888, 890 [2005] [citations omitted]). Here, defendant cites two instances of misconduct—first, that the prosecutor stated to County Court, prior to trial and outside the presence of the jury, that she took the case because she did not "want to see another rapist walk out of the courtroom free" and, second, that the prosecutor expressed a personal opinion regarding defendant's credibility. While a prosecutor exceeds the bounds of legitimate advocacy by expressing a personal opinion on a defendant's truthfulness (*see People v Wlasiuk*, 32 AD3d 674, 681 [2006], *lv dismissed* 7 NY3d 871 [2006]; *People v McCombs, supra* at 890; *People v Levan-*

*dowski*, 8 AD3d 898, 900 [2004]), defendant's assertion that the prosecutor characterized him as a liar is unsupported by the record. Moreover, although defendant is correct that a prosecutor's " 'mission is not so much to convict as it is to achieve a just result' " (*People v Collins*, 12 AD3d 33, 36 [2004], quoting *People v Zimmer*, 51 NY2d 390, 393 [1980]), there is no indication that the prosecutor's allegedly improper motives affected this case. In any event, the two cited instances do not reflect a "flagrant and pervasive pattern" of misconduct such that reversal and a new trial is warranted here (*People v McCombs, supra* at 890 [internal quotation marks and citation omitted]).

Defendant's arguments that the evidence adduced at trial was legally insufficient to support his conviction and that the People engaged in improper bolstering of certain witnesses are unpreserved. His remaining claims have been considered and found to be lacking in merit.

Cardona, P.J., Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.