*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 21, 2016                    105907
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,
         v                                    MEMORANDUM AND ORDER

ELWOOD J. ADAMS JR.,
                    Appellant.
_____

Calendar Date:  November 23, 2015

Before:  Peters, P.J., McCarthy, Egan Jr., Devine and Clark, JJ.

                    _____


        Matthew C. Hug, Troy, for appellant.

        Derek P. Champagne, District Attorney, Malone (Jennifer M. Hollis of counsel), for respondent.

                    _____


Clark, J.

        Appeal from a judgment of the County Court of Franklin County (Catena, J.), rendered June 7, 2013, upon a verdict convicting defendant of the crime of course of sexual conduct against a child in the first degree (two counts).

        In October 2012, defendant, who was born in 1972, was charged in an indictment with two counts of course of sexual conduct against a child in the first degree stemming from allegations that, between September 1, 2005 and October 1, 2007, he engaged in two or more acts of sexual conduct with victim A (born in 1994) and victim B (born in 1996), who were both less than 13 years of age.  Following a jury trial, defendant was convicted of both counts and his motion to set aside the verdict pursuant to CPL 330.30 was denied.  Defendant was sentenced to a

prison term of 20 years and 20 years of postrelease supervision on each count, which sentences were to run concurrently. Defendant appeals. Finding no merit to his contentions, we affirm.

Initially, defendant claims that the verdict was against the weight of the evidence pointing to, among other things, a lack of corroboration of the victims' testimony, which, according to him, was also contradictory. While a different verdict would not have been unreasonable here, upon our independent review and weighing of the conflicting testimony in a neutral light and deferring to the jury's determination to credit the victims' accounts, we cannot agree that the jury failed to give the evidence its deserving weight (see People v Danielson, 9 NY3d 342, 348 [2007]; People v Olson 110 AD3d 1373, 1374 [2013], lv denied 23 NY3d 1023 [2014]; People v Fernandez, 106 AD3d 1281, 1282-1283 [2013]). Victim A testified that, in September 2005, when she was in the sixth grade, defendant told her that he wanted to teach her about sex and began by exposing her to pornography. He then progressed from groping her to penetrating her vagina with a sexual device and his fingers, performing oral sex on her, and forcing her to touch his penis with her hand. According to victim A, those instances of sexual abuse occurred often and in a variety of locations and took place while her mother was at work and her siblings were either outside of the residence or were otherwise busied. According to victim A, she did not tell anyone about the abuse while it was taking place because she was afraid and defendant had told her that, if she disclosed their sexual interaction, the other children would grow up without a father figure and the family would fall apart and, moreover, no one would believe her.

Victim B, victim A's younger sister, testified that she was between 9 and 10 years old in September 2005, when defendant began sexually abusing her after having found out that her mother had told her about sex. According to victim B, defendant stated that he wanted to teach her more about sex and show her "how things would feel." Defendant's abuse of victim B also progressed over time and involved grabbing her, touching her, performing oral sex on her, forcing her to perform oral sex on him, and penetrating her vagina with a sexual device and his

fingers.  Like victim A, victim B described being abused by defendant "whenever he could" when "nobody else was around." According to victim B, she never told anyone about the abuse while it was taking place because defendant told her not to and, if she told anyone, he would go to jail and the family would split up.

"While there were discrepancies in some of the details, they were fully explored and highlighted for the jury, and it is 'not uncommon for young children to be uncertain and even inconsistent in their trial testimony'" (People v Fernandez, 106 AD3d at 1283-1284, quoting People v Raymo, 19 AD3d 727, 728 [2005], lv denied 5 NY3d 793 [2005]).  Moreover, despite any discrepancies, we feel it important to note that the children remained resolute that the alleged sexual conduct had occurred, a fact that was obviously credited by the jury.  Furthermore, the expert testimony of a clinical psychologist, Don Lewittes, offered by the People, aided the jury's understanding of the reasons that children delay disclosure, particularly when sexual abuse occurs in family settings.

Defendant testified, denying that any sexual contact of any nature had occurred and offering explanations for why the victims would be motivated to fabricate the allegations against him. Defendant did, however, admit to telling the victims about ejaculation.  He also conceded telling the victims that sex was the greatest thing they would ever feel and that it would hurt at first but, if they used a "[sex] toy," it might make it easier for them to have intercourse when they turn 18.  He also acknowledged that he "may have" told victim A that he would go to jail when she accused him of sexually molesting her. Additionally, defendant's statement to the police — which was properly admitted into evidence at trial — contained similar explanations of conduct whereby defendant claimed to have simply been offering advice to the victims by, for example, instructing them to wash sexual devices before use.  Under these circumstances, we find no basis to conclude that the jury's determination to credit the victims' accounts is against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 494-495 [1987]; People v Raymo, 19 AD3d at 728).

        Nor do we find merit in defendant's contention that he was denied the effective assistance of counsel.  In this regard, we are mindful "to avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" (People v Baldi, 54 NY2d 137, 146 [1981]; see People v Stultz, 2 NY3d 277, 283 [2004]), and we view the record in its totality in order to determine whether the defendant was deprived of a fair trial by less than meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d at 147).

        Initially, counsel was not ineffective for failing to object either to the expert testimony or to the People's related comments on summation.  It is well settled that an expert witness may testify about intra-familial child and adolescent child sexual abuse syndrome, child sexual abuse accommodation syndrome or other types of conditions associated with victims of sex abuse (see People v Williams, 20 NY3d 579, 584 [2013]), so long as he or she does not draw any comparison to the facts of the case (see People v Spicola, 16 NY3d 441, 465 [2011], cert denied ___ US ___, 132 S Ct 400 [2011]; People v Taylor, 75 NY2d 277, 293 [1990]), as was the case here.  Although, as noted by defendant, the expert's testimony supported the victims' assertions, it does not follow that Lewittes improperly bolstered their testimony or drew a comparison between child sexual abuse syndrome and the facts of this case, particularly in light of defense counsel's cross-examination of the victims and defendant's own testimony that tended to suggest, among other things, that the victims' actions were inconsistent with having been sexually abused (see People v Spicola, 16 NY3d at 465-466).  For the same reasons, the People's comments on summation referencing the expert's testimony "constituted fair comment on the evidence" (People v Jabaut, 111 AD3d 1140, 1146 [2013], lv denied 22 NY3d 1139 [2014]).

        Next, inasmuch as defendant testified to his continuing visitation with his children, we find no error in defense counsel's failure to object to the People's further inquiry into whether the visitation was supervised (see generally People v Wiltshire, 96 AD3d 1227, 1229 [2012], lv denied 22 NY3d 1204 [2014]).  Further, because defendant's written statement did not involve prior bad acts or uncharged crimes, we find no error in

counsel's failure to make a <u>Ventimiglia</u> motion to preclude its use or his failure to make a motion in limine to redact it. Viewing counsel's opening and closing statements as a whole, we find that counsel did not impermissibly assume the burden of proof. Moreover, the record reveals that, throughout the trial, the jury was repeatedly told and reminded by County Court that the burden never shifts and that defendant had no obligation to offer any proof in defense. Additionally, in his closing argument, defense counsel stated to the jury that the court would instruct it that, before it can return a guilty verdict, it must conclude that defendant's guilt was established beyond a reasonable doubt. In this regard, defense counsel pointed out the deficiencies in the People's proof, arguing that such deficiencies created a "very significant question of doubt." Furthermore, counsel's statements were not so egregious that they would amount to ineffective assistance of counsel absent any other significant errors — of which there were none (<u>compare</u> <u>People v Dean</u>, 50 AD3d 1052, 1053 [2008]). Thus, the record before us demonstrates that counsel vigorously cross-examined the victims and pointed out inconsistencies and, as such, we have no reason to doubt that defendant was provided with meaningful representation (<u>see</u> <u>People v Henry</u>, 95 NY2d 563, 565-566 [2000]).

We also find no merit to defendant's argument that his sentence, which is well within the statutorily permissible range (<u>see</u> Penal Law §§ 70.80 [4] [a] [i]; 130.75 [1] [b]), was harsh or excessive (<u>see</u> <u>People v Pimentel</u>, 108 AD3d 861, 861 n 1 [2013], <u>lv denied</u> 21 NY3d 1076 [2013]). Given the age of the victims, the duration of the conduct, the position of trust that defendant had held and abused, the nature of the conduct involved and his lack of remorse, we find no extraordinary circumstances or an abuse of discretion warranting a modification (<u>see</u> <u>People v Sorrell</u>, 108 AD3d 787, 794 [2013], <u>lv denied</u> 23 NY3d 1025 [2014]; <u>People v Pimentel</u>, 108 AD3d at 864).

Defendant's contention that he was deprived of a fair trial because of prosecutorial misconduct was not properly preserved for our review. Defendant's remaining contentions, to the extent not specifically addressed herein, are without merit.

Peters, P.J., McCarthy, Egan Jr. and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court