*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 21, 2016                    107257
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                  MEMORANDUM AND ORDER

JEREMY ST. PIERRE,
                        Appellant.
_____

Calendar Date:  June 3, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Rose and Clark, JJ.

_____


        Cynthia Feathers, Glens Falls, for appellant, and appellant
pro se.

        Kathleen B. Hogan, District Attorney, Lake George (Emilee
B. Davenport of counsel), for respondent.

_____


Egan Jr., J.

        Appeal from a judgment of the Supreme Court (Lawliss, J.),
rendered November 5, 2014 in Clinton County, convicting defendant
following a nonjury trial of the crimes of predatory sexual
assault against a child, criminal facilitation in the third
degree and endangering the welfare of a child (two counts).

        In February 2014, defendant was indicted and charged with
predatory sexual assault against a child (two counts), criminal
facilitation in the third degree and endangering the welfare of a
child (two counts).  The charges stemmed from allegations that,
between the end of July 2010 and the end of October 2010,
defendant sexually abused victim A (born in 1997) and victim B
(born in 1999).  During that time period, the two victims, who

are brothers, resided in defendant's household.  Defendant waived his right to a jury trial and, at the conclusion of the bench trial that followed, defendant was acquitted of the first count of predatory sexual assault against a child and otherwise was convicted as charged.  County Court thereafter sentenced defendant to, among other things, a prison term of 25 years to life upon defendant's conviction of predatory sexual assault against a child.  This appeal ensued.

We affirm.  Preliminarily, to the extent that defendant argues that the verdict is not supported by legally sufficient evidence, this issue is unpreserved for our review.  That said, "our weight of the evidence review necessarily involves an evaluation of whether all elements of the charged crimes were proven beyond a reasonable doubt at trial" (People v Wilkerson, ___ AD3d ___, ___, 2016 NY Slip Op 04465, *3 [2016] [internal quotation marks, brackets and citations omitted]).  Insofar as is relevant here, "[a] person is guilty of predatory sexual assault against a child when, being [18] years old or more, he or she commits the crime of . . . criminal sexual act in the first degree . . . and the victim is less than [13] years old" (Penal Law § 130.96; see People v Fournier, 137 AD3d 1318, 1319 [2016]).  With respect to the underlying crime, "[a] person is guilty of criminal sexual act in the first degree when he or she engages in oral sexual conduct . . . with another person . . . [w]ho is less than [13] years old and the actor is [18] years old or more" (Penal Law § 130.50 [4]).  Further, "[a] person [is] guilty of criminal facilitation in the third degree, when believing it is probable that he [or she] is rendering aid to a person under [16] years of age who intends to engage in conduct that would constitute a felony, he [or she], being over [18] years of age, engages in conduct which provides such person with means or opportunity for the commission thereof and which in fact aids such person to commit a felony" (Penal Law § 115.01).  As set forth in the underlying indictment, the crime that defendant allegedly facilitated was incest in the third degree, which, as relevant here, required proof of "sexual intercourse, oral sexual conduct or anal sexual conduct with a person whom [the actor] knows to be related to him or her . . . [including a] brother or sister or either the whole or the half blood" (Penal Law § 255.25).  Finally, "[a] person is guilty of endangering the

welfare of a child when . . . [h]e or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old" (Penal Law § 260.10 [1]).

Here, victim B testified that, at some point between July 2010 and October 2010, defendant (born in 1975) made victim B (then 10 years old) perform oral sex on him in the living room of the residence that they shared.  Victim B's testimony on this point was corroborated by victim A (then 13 years old), who witnessed this incident and offered a detailed account thereof. Victim B also testified that defendant subjected him to anal sex on one occasion during the summer of 2010 and that this incident took place inside of a family camper that was parked at the residence that the victims shared with defendant in Clinton County.  Additionally, both victim A and victim B testified that, during this same time period, defendant compelled victim A to have anal sex with victim B on more than one occasion and described defendant's efforts to facilitate these encounters, which included providing or offering advice on lubricants and showing victim A "the way it was to be done."  Finally, both boys testified that defendant showed them Internet pornography at various points during the summer of 2010.  According to a State Police investigator who interviewed defendant following his arrest, defendant denied having sex with the boys but admitted to showing them "straight porn" for what defendant apparently regarded as instructional purposes.

After assessing the foregoing testimony, County Court found defendant not guilty of the first count of the indictment charging him with predatory sexual assault against a child with respect to the incident in the camper – apparently crediting certain testimony offered on behalf of defendant that the camper in question was parked in Vermont at the time that the underlying incident allegedly occurred in Clinton County – and found defendant guilty of the remaining charges.  Upon appeal, defendant contends that his conviction is against the weight of the evidence – primarily arguing that the boys' testimony is unworthy of belief.  We disagree.

To be sure, both boys have certain developmental delays

and, according to the mother, victim B twice was hospitalized for attempting to hurt – or expressing a desire to injure – a younger sibling in 2010 and 2011. Additionally, both boys previously had been sexually abused by a member of the mother's family – with the bulk of that abuse directed toward victim A. Although the boys testified before a grand jury with respect to this family member's abuse in August 2010 and regularly met with the Assistant District Attorney (hereinafter ADA) prosecuting that matter, neither of the boys told the ADA – or the counselors that they then were seeing – that defendant also had abused them. Indeed, even after the ADA "became suspicious that there might be something going on between" victim A and victim B and "tricked [victim B] into disclosing that his brother had had sex with him," the boys made no mention of defendant's involvement until August 2013 when defendant accused them of engaging in sexual activity with one another. Once so confronted, the boys initially denied engaging in sex with one another and continued to insist at trial that they did not have sex with one another after 2010 – despite physical evidence of recent anal trauma to victim B and victim B's testimony that he saw a doctor in the years following defendant's abuse due to ongoing difficulties in defecating and the presence of blood in his stool. Such testimony, defendant insists, suggests that the boys were less than truthful regarding their post-2010 sexual activities with one another and, therefore, their testimony as to the sexual abuse perpetrated by defendant necessarily is equally suspect.

Despite defendant's protestations, the fact remains that County Court, which had ample opportunity to view the boys' testimony firsthand and assess their credibility and demeanor, was well aware of their developmental delays, their prior history as victims of sexual abuse, their delay in reporting the abuse perpetrated by defendant and their initial denials of ongoing sexual activity with one another and chose to credit the boys' testimony as to four of the five counts charged in the indictment. Indeed, County Court's careful weighing of the boys' testimony is evidenced by the fact that County Court chose not to credit their testimony as to the incident in the camper but otherwise found such testimony to be worthy of belief. In this regard, County Court was free to credit portions of the victims' testimony while rejecting other aspects thereof (cf. People v

Fancher, 116 AD3d 1084, 1087 [2014]).  Notably, "the appropriate standard for evaluating a weight of the evidence argument on appeal is the same regardless of whether the finder of fact was a judge or a jury because those who see and hear the witnesses can assess their credibility and reliability in a manner that is far superior to that of reviewing judges who must rely on the printed record" (People v Lane, 7 NY3d 888, 890 [2006] [internal citation omitted]).  Applying that standard to the testimony in this case, we find the verdict to be in accord with the weight of the evidence.

The remaining arguments, including those raised in defendant's pro se brief, do not warrant extended discussion. Although defendant claims that he was denied the effective assistance of counsel due to trial counsel's failure to challenge the two counts of the indictment charging him with endangering the welfare of a child as time-barred, we disagree.  "Given that a conviction of some kind after trial was not unlikely in the face of the children's account of events, counsel had a sound basis to give [County Court] an opportunity to convict defendant of a misdemeanor rather than a felony" (People v Ambers, 26 NY3d 313, 320 [2015]).  As we are otherwise satisfied that defendant received meaningful representation, his ineffective assistance of counsel claim must fail.  To the extent that defendant contends that the verdict was repugnant because he was acquitted on count one of the indictment but convicted on count two of the indictment, both of which charged him with predatory sexual assault against a child, this issue is unpreserved for our review and, in any event, is lacking in merit.  As noted previously, these two counts involved distinctly separate incidents – one of alleged anal sexual conduct in the family camper (the count upon which defendant was acquitted) and the other involving oral sexual conduct in the living room of the residence that defendant shared with, among others, victim B (the count upon which defendant was convicted).  Finally, defendant's claims of prosecutorial misconduct in the form of leading questions and impermissible bolstering are unpreserved for our review, and his challenge to the perceived severity of the sentence imposed is lacking in merit.  Accordingly, the judgment of conviction is affirmed.

Peters, P.J., Lahtinen, Rose and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court