*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   December 8, 2016                    106810
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

ROBERT C. ST. IVES,
                        Appellant.
_____

Calendar Date:   October 19, 2016

Before:   Peters, P.J., Garry, Egan Jr., Rose and Mulvey, JJ.

_____

        Samuel D. Castellino, Big Flats, for appellant.

        P. David Soares, District Attorney, Albany (Brittany L.
Grome of counsel), for respondent.

_____

Peters, P.J.

        Appeal from a judgment of the County Court of Broome County
(Smith, J.), rendered January 29, 2014, upon a verdict convicting
defendant of the crime of predatory sexual assault against a
child.

        Defendant was charged in an eight-count indictment with
various crimes based upon his alleged sexual abuse of multiple
victims.  After his first trial ended in a mistrial and several
counts of the indictment were dismissed for reasons not relevant
here, defendant was retried on counts 1, 2, 5 and 7.  Counts 1
and 2, each charging defendant with the crime of predatory sexual
assault against a child, stem from allegations that he sexually
abused victim A (born in 1998) and her friend, victim B (born in
1997), between the fall of 2008 and November 2010.  Counts 5 and

7 charged defendant with the crimes of rape in the first degree and criminal sexual act in the first degree based upon conduct towards a third victim in 1999. County Court denied defendant's motion to sever counts 1 and 2 from counts 5 and 7. Following a jury trial, defendant was convicted of predatory sexual assault against a child pertaining to victim A and acquitted of the remaining charges. County Court denied defendant's subsequent motion to set aside the verdict and sentenced him to a prison term of 15 years to life. He appeals.

County Court did not abuse its discretion when it denied defendant's motion for severance. Although counts 5 and 7 were based upon incidents that occurred several years earlier than the conduct charged in counts 1 and 2, the charges were statutorily joinable as offenses "defined by the same or similar statutory provisions and consequently are the same or similar in law" (CPL 200.20 [2] [c]; see People v Hunt, 39 AD3d 961, 962 [2007], lv denied 9 NY3d 845 [2007]; People v Nickel, 14 AD3d 869, 870 [2005], lv denied 4 NY3d 834 [2005]). Since the offenses were properly joined, the decision whether to sever the counts for separate trials was committed to the sound discretion of the trial court (see People v Mahboubian, 74 NY2d 174, 183 [1989]; People v Lakatosz, 59 AD3d 813, 815 [2009], lv denied 12 NY3d 917 [2009]). Such discretion was not abused here. The proof concerning the relevant charges was "separately presented, uncomplicated and easily distinguishable" (People v Kelly, 270 AD2d 511, 512 [2000], lv denied 95 NY2d 854 [2000]; accord People v Milford, 118 AD3d 1166, 1168 [2014], lv denied 23 NY3d 1065 [2014]; People v Nickel, 14 AD3d at 870), and County Court gave appropriate instructions to the jury that distinguished between the charges pertaining to each victim (see People v Lakatosz, 59 AD3d at 815; People v Hunt, 39 AD3d at 962; People v Monte, 302 AD2d 687, 688 [2003]). Moreover, the fact that the jury found defendant not guilty of the crimes charged in counts 5 and 7 indicates that it separately considered and evaluated the evidence as to each victim (see People v Milford, 118 AD3d at 1171; People v Nickel, 14 AD3d at 870; People v Monte, 302 AD2d at 688; People v Boyea, 222 AD2d 937, 939 [1995], lv denied 88 NY2d 934 [1996]).

Nor are we persuaded that the verdict is contrary to the weight of the evidence. Insofar as is relevant here, "[a] person is guilty of predatory sexual assault against a child when, being eighteen years old or more, he or she commits the crime of . . . course of sexual conduct against a child in the first degree . . . and the victim is less than thirteen years old" (Penal Law § 130.96). The crime of course of sexual conduct against a child in the first degree, in turn, requires proof that, over a period of time not less than three months, defendant "engage[d] in two or more acts of sexual conduct, which include[d] at least one act of sexual intercourse [or] oral sexual conduct . . . with a child less than thirteen years old" (Penal Law § 130.75 [1] [b]).

At trial, victim A recounted ongoing sexual abuse perpetrated against her by defendant beginning in the fall of 2008, when she was 10 years old and first came to live with defendant and his family, and continuing until she moved out of the residence in November 2010. She explained that the abuse initially consisted of groping her buttocks and "front private part" and quickly progressed to defendant subjecting her to oral sex and engaging her in sexual intercourse. She testified further that defendant penetrated her vagina with a pink "dildo" on more than one occasion, and subsequent forensic testing of that device revealed victim A to be the major contributor of the DNA recovered therefrom. Victim A provided numerous and specific details of the abuse she was subjected to by defendant, explaining that such abuse primarily occurred on Saturday mornings when defendant's son and wife were undisputedly out of the house. Her testimony was also corroborated in part by victim B, who regularly came to the home to visit with victim A beginning in the fall of 2009. Victim B testified that, while at defendant's residence, she witnessed episodes in which defendant engaged victim A in sexual contact, including oral and vaginal sex, and claimed that she too was victimized by defendant on several occasions. Such abuse was ultimately disclosed by victim B to a school counselor in November 2010. Although victim A initially denied that defendant had engaged in any sexual contact with her, she explained that her hesitancy to reveal the abuse was a product of defendant's threats to send her back to foster care if she told anyone.

Defendant testified on his own behalf, denying that any of the alleged sexual contact had occurred and offering an explanation for victim A's motivation to fabricate the allegations against him. Such testimony presented "a classic credibility issue" for the jury to resolve (People v Cridelle, 112 AD3d 1141, 1143 [2013] [internal quotation marks and citations omitted]; see People v Brabham, 126 AD3d 1040, 1043 [2015], lv denied 25 NY3d 1160 [2015]; People v Moyer, 75 AD3d 1004, 1006 [2010]) and, by its verdict, the jury plainly elected to credit victim A's version of the events. On this record, we find no basis upon which to disturb that assessment. The claimed inconsistencies within victim A's trial testimony, as well as between her testimony and the testimony of victim B, her admitted lack of veracity on prior occasions and her mental health history were all fully explored during the trial and "neither undermined her testimony in any meaningful respect nor rendered her testimony incredible as a matter of law" (People v Brown, 114 AD3d 1017, 1018-1019 [2014] [internal quotation marks, brackets and citations omitted]; see People v Peart, 141 AD3d 939, 941 [2016]; People v Garcia, 141 AD3d 861, 863 [2016], lv denied 28 NY3d 929 [2016]; People v Fernandez, 106 AD3d 1281, 1285-1286 [2013]; People v Simonetta, 94 AD3d 1242, 1244 [2012], lv denied 19 NY3d 1029 [2012]; People v Littebrant, 55 AD3d 1151, 1155 [2008], lv denied 12 NY3d 818 [2009]). As noted, aspects of victim A's account were in fact supported by the testimony of other witnesses, including victim B,[1] as well as the DNA evidence recovered from the device purportedly used during some of the sexual abuse. Although the sexual assault nurse examiner who conducted an examination of victim A found no apparent injuries

---

[1] While the jury's verdict acquitting defendant of the course of sexual conduct charge pertaining to victim B reflects its lack of certainty concerning victim B's testimony that she was sexually abused by defendant, "the jury was entitled to credit some of her testimony while discounting other aspects" (People v Kuykendall, 43 AD3d 493, 495 [2007], lv denied 9 NY3d 1007 [2007]; see People v St. Pierre, 141 AD3d 958, 961 [2016]; People v Beliard, 101 AD3d 1236, 1239 [2012], lv denied 20 NY3d 1096 [2013]; People v Hoppe, 96 AD3d 1157, 1159 [2012], lv denied 19 NY3d 1026 [2012]).

or signs of sexual abuse, she explained that the lack of such physical evidence is not uncommon in cases of sexual assault and, to the extent that defendant presented evidence to the contrary, this too presented a credibility issue for the jury to resolve (see People v Farnham, 136 AD3d 1215, 1217 [2016], lv denied 28 NY3d 929 [2016]; People v Brown, 114 AD3d at 1018; People v Fernandez, 106 AD3d at 1282-1283).  Viewing the evidence in a neutral light and giving due deference to the jury's credibility assessments, we find the verdict to be in accord with the weight of the evidence (see People v Adams, 135 AD3d 1154, 1155 [2016], lv denied 27 NY3d 990 [2016]; People v Simonetta, 94 AD3d at 1244; People v Beauharnois, 64 AD3d 996, 998-999 [2009], lv denied 13 NY3d 834 [2009]).

Finally, we find no merit to defendant's claim that his sentence, which is well within the permissible statutory range (see Penal Law §§ 70.00 [2] [a]; [3] [a] [ii]; 70.80 [3]; 130.96), was harsh or excessive.  Given the protracted and deplorable nature of defendant's crimes against victim A, his exploitation of the position of trust that he held over this young child and his failure to accept responsibility or express remorse for his actions, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Thornton, 141 AD3d 936, 939 [2016]; People v Adams, 135 AD3d at 1158; People v Brown, 128 AD3d 1183, 1189 [2015], lv denied 27 NY3d 993 [2016]; People v Hughes, 114 AD3d 1021, 1025 [2014], lv denied 23 NY3d 1038 [2014]).

Garry, Egan Jr., Rose and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court