■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON L. BEACH, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered March 8, 1976, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the sixth degree. The defendant was indicted for the crime of criminal sale of a controlled substance in the sixth degree based upon his alleged sale of LSD to an undercover policeman. At the trial defendant did not seriously refute the transaction. He did, however, rely on the defense of entrapment claiming that the undercover officer and a girl that defendant was dating, who, in fact, was co-operating with the officer, induced him to sell the LSD when he never had a prior disposition to sell. Upon conviction he was sentenced to an indeterminate term with a maximum of five years. On this appeal defendant raises three issues urging reversal. He contends it was error for the court to refuse to charge that the nonproduction of a witness is sufficient to serve as a basis for an unfavorable inference. Specifically, defendant is referring to the prosecution's failure to produce as a witness

the girl who was working with the undercover agent. We find no error in the court's refusal to charge since, in our view, the testimony of this witness was neither necessary nor material to prove the prosecution's case. Furthermore, the witness was equally available to the defendant and could have been subpoenaed by him to testify on the crucial issue of entrapment, the burden of proving entrapment being on the defendant *(People v Laietta,* 30 NY2d 68, cert den 407 US 923). After careful review of the record it is this court's opinion that the statements of the prosecutor in summation do not rise to the level of misconduct necessary for reversal and, therefore, defendant's contention that he was deprived of a fair trial due to these statements must be rejected *(People v Shields,* 58 AD2d 94). Defendant also argues that the trial court compelled and coerced the jury into reaching a verdict, thereby depriving him of a fair and impartial trial. The record reveals that only the undercover agent and the defendant testified during the trial and that while the jury stated on two occasions that they were unable to reach a verdict, they did ask for and were granted a reading of all the testimony and the charge. A thorough reading of the record fails to reveal any coercive language used by the court. Additionally, the court specifically charged the jury that "a juror has the right, if he believes he is right and he is unconvinced by the arguments or reasons of others, to stand by his opinion." In our view, the trial court acted properly and defendant was not deprived of a fair and impartial trial (see *People v Graham,* 48 AD2d 646, affd 39 NY2d 775). Considering the record in its entirety, we are of the view that the judgment should be affirmed. Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.