THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES O. BENSON, Appellant.

Third Department, July 29, 1982

APPEARANCES OF COUNSEL

*John L. McMahon* for appellant.

*David A. Wait, District Attorney*, for respondent.

### OPINION OF THE COURT

WEISS, J.

Defendant was indicted for murder, second degree, resulting from the death of one Sterner caused by shotgun wounds. The victim's skeletonized remains were found May 4, 1980. State Police interviewed five persons who knew the victim, including defendant who had left for Texas shortly after the victim was reported missing on or about January 3, 1980. After a hearing, the trial court denied suppression of his confession made to New York police officers who interrogated defendant in Houston, Texas. A jury found him guilty of the lesser included crime of manslaughter, first degree, and he was sentenced to a minimum of 7 and maximum of 21 years. On this appeal, eight grounds for reversal are urged.

Defendant's principal challenge is to the admissibility of the statement made to a New York State Police investigator at the Houston Police Department on May 15, 1980. Initially, we note that since no objection was made that this statement was obtained in violation of defendant's rights under the Fourth Amendment of the United States Constitution (see *Dunaway v New York,* 442 US 200), the issue was not properly preserved for our review (*People v Miguel,* 53 NY2d 920; *People v Martin,* 50 NY2d 1029; *People v Jones,* 81 AD2d 22). Notwithstanding this waiver, we hold that the record confirms the finding that defendant voluntarily accompanied the investigator to the police station. Unlike the circumstances in *Dunaway,* this is not an instance where, although lacking probable cause, the police seized defendant for purposes of interrogation (*People v Munro,* 86 AD2d 683).

Defendant further argues that the statement was taken in violation of his rights under *Miranda v Arizona* (384 US 436) because he was not apprised of his right to terminate the interview at any time as required by the law of Texas (Tex Code Crim Pro, art 38.22, § 2), and because the statement was not electronically recorded as also required by the Texas statute (Tex Code Crim Pro, art 38.22, § 3). At issue is whether the provisions of the Texas statute apply to the present proceeding.

First, defendant contends that there is no conflict of law problem since both New York and Federal law are in conformity with the Texas statute. We disagree. While *Miranda* confirms that certain warnings are "an absolute prerequisite to interrogation" (*Miranda v Arizona, supra,* p 471), the right to terminate the interrogation is not among the rights enumerated. In *Miranda,* the right to terminate is required only as a "subsequent procedure" once the individual indicates a desire to remain silent or requests an attorney (*Miranda v Arizona, supra,* pp 473-474). Even in this instance, although police interrogation must cease, express warnings are not required (*supra,* at pp 473-474; see *People v Grant,* 45 NY2d 366, 371-372). Here, defendant had been given his *Miranda* warnings twice before making a statement. Each time he expressly waived these rights, indicating that he did not want an attorney. There

is no suggestion defendant ever invoked his right to remain silent. Under both New York and Federal constitutional standards, it is clear defendant was properly apprised of his *Miranda* rights. In our view, the People met their burden of establishing a voluntary waiver beyond a reasonable doubt (see *People v Whitehurst,* 25 NY2d 389).

In the alternative, defendant argues that even if New York law does not require the right to termination, Texas law does. He contends that failure to comply with the Texas statutes presents a substantive issue activating the law of the situs. The trial court rejected this contention, finding that the issue was procedural in nature, necessitating application of the law of the forum State.

In our view, it is unnecessary to characterize the issue as either substantive or procedural since New York law should be applied in either event. Traditionally, procedural and evidentiary issues are governed by the law of the forum (see, generally, Restatement, Conflict of Laws 2d, §§ 122, 138). It is well established that "the *Miranda* rule evolved solely as a procedural safeguard to protect the accused's privilege against compulsory self incrimination (*Michigan v Tucker,* 417 US 433, 438-439)" (*People v Hawkins,* 55 NY2d 474, 483). It has been held that admissibility of confessions presents a matter of State procedure (*People v Lane,* 10 NY2d 347, 352). Beyond a strictly procedural approach, however, it is clear that this State's law governs since New York has a paramount interest in the application of its laws to this case (see *Intercontinental Planning v Daystrom, Inc.,* 24 NY2d 372). The essential policy behind the exclusionary rule is to deter unlawful police activity, "not redress 'a personal constitutional right of the party aggrieved'" (*People v Adams,* 53 NY2d 1, 9, quoting *United States v Calandra,* 414 US 338, 347-348). Here, New York police officers obtained a statement for use in a New York proceeding emanating from a violent crime in New York. Application of the exclusionary rule would not serve any useful purpose since Texas authorities were not involved. Indeed, exclusion of the subject statement would serve to undermine the good faith efforts of the New York police in complying with the *Miranda* standards. The trial court, therefore, properly applied New

York law in assessing the admissibility of defendant's statement. Premised on the foregoing, we also find no error in the trial court's refusal to instruct the jury as to the provisions of the Texas statute.

We have examined defendant's remaining contentions and find them without merit. The trial court properly refused to charge several lesser included offenses advanced by defendant since no reasonable view of the evidence would support a finding that he committed one of these offenses, but not the offense for which he was charged (CPL 300.50, subd 1; *People v Scarborough,* 49 NY2d 364, 369-370). Moreover, the court did not err in refusing to instruct the jury that an unfavorable inference could be drawn from the People's failure to call the coroner as a witness, since the coroner's testimony was neither necessary nor material to prove their case (*People v Beach,* 60 AD2d 957). Examination of the court's charge confirms that the jury was adequately apprised on the respective burdens of proof. Nor did the court improperly refuse to vacate the verdict since statements by jurors impeaching their own verdicts are inadmissible (*People v De Lucia,* 20 NY2d 275, 277). In view of the nature of this offense, we cannot say that the court abused its discretion in refusing to grant defendant youthful offender treatment (CPL 720.20; *People v Williams,* 78 AD2d 642), or in imposing the sentence which was well within the statutory guidelines (Penal Law, § 70.00, subd 2, par [b]; § 70.02, subd 4; *People v Downs,* 77 AD2d 740, application for lv to app den 51 NY2d 773).

The judgment should be affirmed.

MAIN, J. P., MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Judgment affirmed.