OPINION OF THE COURT
Seymour Rotker, J.
Petitioner, by means of a habeas corpus, seeks to vacate a parole warrant.
The petitioner, herein, was convicted of manslaughter in the first degree and sentenced in 1976 to 3 years, 4 months to 10 years imprisonment. The maximum expiration date was November 3, 1984.
In the summer of 1978, petitioner moved to Florida with the permission of both the New York and Florida parole authorities in accordance with the interstate compact for out-of-State parolee supervision (Executive Law, § 259-m et seq.). At this time, petitioner signed a certificate of release form for the New York State parole authorities and agreed to abide by the rules and regulations of the Florida parole authorities. Thus, petitioner was serving a New York parole in the State of Florida.
On August 18,1982, the petitioner absconded from Florida parole and was declared delinquent. He was, thereaf *817 ter, arrested in Florida on June 20, 1983, and the New York authorities notified. The following day, the New York Division of Parole mailed a copy of the warrant and a “Gonzales letter” to the Florida authorities requesting them to conduct a preliminary hearing.
The Florida authorities, acting as the agents of this State, interviewed the petitioner on July 7, and advised him of the official charges against him. Petitioner then filed a request for a preliminary hearing in Florida. The hearing was held on July 21, and probable cause was found.
The petitioner now challenges his present incarceration. He alleges:
(1) that he has failed to receive timely written notice of the charges against him (Executive Law, § 259-i, subd 3, par [c], cl [iii]), and
(2) that he has been denied a prompt 15-day preliminary hearing (Executive Law, § 259-i, subd 3, par [c], cl [i]).
It is by now settled law in this State that: “A parolee is entitled to a prompt final parole revocation hearing notwithstanding the circumstance that he is in the physical custody of the authorities of a sister State unless the Board of Parole shows that such a hearing cannot be held subject to its convenience and practical control.” (Gonzales v Dalsheim, 52 NY2d 9, 12.) In the present case, it is clear that the New York parole authorities had control over the person of the petitioner to the extent that the Florida authorities agreed to conduct a preliminary hearing as agents for this State. This delegation of power is authorized by subdivision 3 of section 259-o of the Executive Law. Such a preliminary violation hearing and the determinations made thereat “shall have the same force and effect as [a] preliminary violation hearing conducted in this state by * * * a * * * faring officer”. (Executive Law, § 259-o, subd 3.)
The issue now presented to this court concerns the nature of the sister State preliminary hearing. Is such a State bound by the statutory time limits imposed by our Executive Law, or may such State conduct a hearing according to its own parole regulations? The petitioner argues that *818 section 259-n of the Executive Law, dealing with out-of-State incarceration, reads in pertinent part (subd 1, par [e]): “All persons who may be confined in a ‘compact institution’ pursuant to the provisions of this amendment shall be treated in a reasonable and humane manner. The fact of incarceration or reincarceration in a receiving state shall not deprive any person so incarcerated or reincarcerated of any rights with said person would have had if incarcerated or reincarcerated in an appropriate institution of the sending state”.
Based on the language contained in section 259-n (subd 1, par [e]), petitioner contends that he must be given both notice and a preliminary hearing as required by the laws of New York State. He further argues that since he did not receive a hearing within 15 days, the findings of the Florida hearing officer were invalid and he is, consequently, being unjustly deprived of his liberty.
In considering this argument, this court notes that the time limits imposed under section 259-i (subd 3, par [c], cl [i]) and section 259-i (subd 3, par [c], cl [iii]) of the Executive Law are clearly procedural in nature. When there is a conflict between the laws of one State and those of another, the general rule has always been that “Matters of procedure, or * * * remedies and remedial rights, are governed by the * * * place where the remedy is sought” (19 NY Jur 2d, Conflict of Laws, § 42, p 628), or to put it more succinctly, procedural issues are governed by “the laws of the forum”. (People v Benson, 88 AD2d 229, 231.) It is, of course, true that a court must make its own determination as to whether a foreign law is substantive or procedural Wooden v Western N. Y. and Penn. R.R. Co., 126 NY 10), but in dealing with parole hearings, this court can only conclude that such a hearing is by its very nature procedural. In addition, the basic statute dealing with out-of-State parole supervision, section 259-m of the Executive Law, specifically states in subdivision (2): “That each receiving state will assume the duties of visitation of and supervision over probationers or parolees of any sending state and in the exercise of those duties will be governed by the same standards that prevail for its own probationers and parolees.”
*819 Further, it must be noted that the petitioner originally agreed to abide by the Florida rules and regulations in regard to his parole supervision when he left this State and went to reside in Florida.
Based on the above, the court finds that the New York Legislature did not intend to impose this State’s statutory procedural rules on out-of-State parolees but intended that such compact parolees be governed by the rules of the “receiving State.”
Therefore, this court holds that the petitioner need not be afforded notice or a preliminary hearing in accordance with this State’s Executive Law but can be governed by the rules of the sister States. This being the case, the facts indicate that the petitioner has been afforded valid notice and a timely preliminary hearing in accordance with Gonzales v Dalsheim (supra), and the mandates laid down in Morrissey v Brewer (408 US 471).
The writ is, therefore, ordered dismissed and petitioner is remanded to the custody of respondents.