██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYREIK A. BOYD, Appellant. [61 NYS3d 431]—

Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered November 18, 2011. The judgment convicted defendant, upon a jury verdict, of attempted criminal possession of a weapon in the second degree and attempted criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]) and attempted criminal possession of a weapon in the third degree (§§ 110.00, 265.02 [3]), defendant contends that the evidence is legally insufficient to support the conviction. We reject that contention. The evidence established that defendant was the front seat passenger in a vehicle that was stopped by the police. He appeared anxious and nervous when he first observed the officers, and he acted in a suspicious manner when asked for the vehicle's registration. Instead of looking at the documents he pulled from the glove box, defendant let them fall to the ground and began moving them with his feet. When asked to identify himself, defendant refused to provide anything other than his first name. Given the suspicious nature of defendant's behavior, the officers asked him to exit the vehicle. As soon as the passenger door opened, the officers observed the handle of the firearm "sticking out from underneath the seat" between the seat and the door. Defendant thereafter "tried to pull away" when he was handcuffed by the police officers.

Contrary to defendant's contention, the evidence is legally sufficient to establish that defendant constructively possessed the firearm, i.e., that he exercised " 'dominion and control over the area in which [the firearm was] found' " (*People v Ward*,

104 AD3d 1323, 1324 [2013], *lv denied* 21 NY3d 1011 [2013]). Based on the location and position of the firearm, which was visible as it protruded from under the right side of the passenger seat (*see People v Lynch*, 116 AD2d 56, 61 [1986], citing *People v Lemmons*, 40 NY2d 505, 509-510 [1976]), and the fact that defendant was seated in that passenger seat, we conclude that "the jury was . . . entitled to accept or reject the permissible inference that defendant possessed the weapon" (*People v Carter*, 60 AD3d 1103, 1106 [2009], *lv denied* 12 NY3d 924 [2009]). The fact that a defense witness testified that the firearm belonged to him "presented an issue of credibility for the jury to resolve" (*id.* at 1107).

Contrary to defendant's further contention, although there is no dispute that the firearm at issue was not operable, it is well settled that a defendant may be convicted of attempted criminal possession of a weapon when he or she believes that the firearm is operable (*see Matter of Lavar D.*, 90 NY2d 963, 965 [1997]; *People v Saunders*, 85 NY2d 339, 342 [1995]; *Matter of David H.*, 255 AD2d 264, 264 [1998]). Here, the evidence establishing that the firearm was loaded, that defendant appeared to be nervous and anxious when he was seen and stopped by the police and that defendant attempted to flee is sufficient "to support the inference that [defendant] believed and intended the firearm to be operable" (*Lavar D.*, 90 NY2d at 963).

Defendant also contends that his conviction of attempted criminal possession of a weapon in the third degree is not supported by legally sufficient evidence because there is no evidence that the firearm was "defaced for the purpose of the concealment or prevention of the detection of a crime or misrepresenting the identity of such . . . firearm" (Penal Law § 265.02 [3]). That contention is not preserved for our review inasmuch as defendant's motion for a trial order of dismissal was not " 'specifically directed' at [that] alleged" deficiency in the proof (*People v Gray*, 86 NY2d 10, 19 [1995]). In any event, defendant's contention lacks merit. The evidence at trial established that the firearm was defaced intentionally, and that the destruction of the serial number was "open and obvious" (*People v Ridore*, 273 AD2d 154, 154 [2000], *lv denied* 95 NY2d 907 [2000]). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion" that the firearm was defaced for illicit purposes (*People v Bleakley*, 69 NY2d 490, 495 [1987]).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is contrary to the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Although an acquittal would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally Danielson*, 9 NY3d at 348; *Bleakley*, 69 NY2d at 495).

We have reviewed defendant's remaining contention and conclude that it does not warrant reversal or modification of the judgment. Present—Whalen, P.J., Peradotto, Lindley, NeMoyer and Curran, JJ.