People v Thomas (2018 NY Slip Op 06675)





People v Thomas


2018 NY Slip Op 06675


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


1052 KA 15-00006

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES D. THOMAS, JR., ALSO KNOWN AS WAYNE THOMAS, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered September 15, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), arising from a vehicle stop during which the police discovered a firearm on the floorboard of the front passenger seat where defendant had been sitting. We reject defendant's contention that the conviction is not supported by legally sufficient evidence. Viewing the evidence in the light most favorable to the People, we conclude that "the evidence is legally sufficient to establish that defendant constructively possessed the firearm, i.e., that he exercised dominion and control over the area in which [the firearm was] found" (People v Boyd, 153 AD3d 1608, 1608 [4th Dept 2017], lv denied 30 NY3d 1103 [2018] [internal quotation marks omitted]). "Based on the location and position of the firearm, which was visible [on the floorboard] of the passenger seat . . . , and the fact that defendant was seated in that passenger seat, . . . the jury was . . . entitled to accept or reject the permissible inference that defendant possessed the weapon' " (id. at 1609). In addition, there was sufficient evidence that defendant's possession of the firearm was knowing (see People v Muhammad, 16 NY3d 184, 188 [2011]; see generally People v Diaz, 24 NY3d 1187, 1190 [2015]; People v Lawrence, 141 AD3d 1079, 1082 [4th Dept 2016], lv denied 28 NY3d 1029 [2016]).
We also reject defendant's contention that the verdict is against the weight of the evidence. Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although a different verdict would not have been unreasonable, the jury did not fail to give the evidence the weight it should be accorded (see People v Bleakley, 69 NY2d 490, 495 [1987]; Boyd, 153 AD3d at 1610).
Defendant further contends that he was denied a fair trial by prosecutorial misconduct on summation. Even assuming, arguendo, that defendant's contention is preserved for our review with respect to all of the instances of alleged misconduct, we nevertheless conclude that it is without merit. Contrary to defendant's contention, "[t]he majority of the comments in question were within the broad bounds of rhetorical comment permissible during summations . . . , and they were either a fair response to defense counsel's summation or fair comment on the evidence . . . Even assuming, arguendo, that some of the prosecutor's comments were beyond those bounds, we conclude that they were not so egregious as to deprive defendant of a fair trial" (People v McEathron, 86 AD3d 915, 916 [4th Dept 2011], lv denied 19 NY3d 975 [2012] [internal quotation marks omitted]).
We also reject defendant's contention that Supreme Court's Sandoval ruling constituted an abuse of discretion (see People v Sandoval, 34 NY2d 371, 374 [1974]). Contrary to defendant's contention, the prior charges against him for forgery in the second degree and criminal impersonation in the second degree, and his conviction upon a guilty plea of attempted burglary in the second degree in satisfaction of those charges, " involved acts of dishonesty and thus were probative with respect to the issue of defendant's credibility' " (People v Bynum, 125 AD3d 1278, 1279 [4th Dept 2015], lv denied 26 NY3d 927 [2015]; see People v Walker, 83 NY2d 455, 461-462 [1994]; People v Taylor, 11 AD3d 930, 930-931 [4th Dept 2004], lv denied 4 NY3d 749 [2004]). Contrary to defendant's related contention, the other prior charge against him for leaving the scene of a personal injury incident without reporting, and his conviction upon a guilty plea of unlawfully fleeing a police officer in a motor vehicle in the third degree in satisfaction of that charge, were probative of defendant's credibility inasmuch as such acts showed the "willingness . . . [of defendant] to place the advancement of his individual self-interest ahead of principle or of the interests of society" (Sandoval, 34 NY2d at 377; see People v Salsbery, 78 AD3d 1624, 1626 [4th Dept 2010], lv denied 16 NY3d 836 [2011]). To the extent that defendant contends otherwise, we conclude that the court did not err in permitting inquiry into the prior charges satisfied by defendant's guilty pleas (see People v Walker, 66 AD3d 1331, 1332 [4th Dept 2009], lv denied 13 NY3d 942 [2010]). " A dismissal in satisfaction of a plea is not an acquittal which would preclude a prosecutor from inquiring about the underlying acts of the crime[s] because it is not a dismissal on the merits' " (id.; see People v Flowers, 273 AD2d 938, 938-939 [4th Dept 2000], lv denied 95 NY2d 905 [2000]). We conclude on this record that defendant failed to meet his burden "of demonstrating that the prejudicial effect of the admission of evidence [of the prior convictions and charges] for impeachment purposes would so far outweigh the probative worth of such evidence on the issue of credibility as to warrant its exclusion" (Sandoval, 34 NY2d at 378).
Finally, the sentence is not unduly harsh or severe.
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court