People v Almodovar (2020 NY Slip Op 02568)





People v Almodovar


2020 NY Slip Op 02568


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, WINSLOW, AND BANNISTER, JJ.


385 KA 16-01315

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HERMES A. ALMODOVAR, DEFENDANT-APPELLANT.






TULLY RINCKEY PLLC, ROCHESTER (ZACHARY T. RUETZ OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered June 15, 2016. The judgment convicted defendant upon a jury verdict of attempted criminal possession of a weapon in the second degree and menacing in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]) and menacing in the second degree (§ 120.14 [1]), arising from his possession of a firearm and his confrontation with the father of a child regarding a prior incident that occurred less than a week before in which defendant purportedly tried to remove the child from her preschool when he had no authorization to do so. We affirm.
Defendant contends that Supreme Court erred in refusing to sever the counts of the indictment relating to the confrontation from a count charging him with attempted kidnapping in the second degree (Penal Law §§ 110.00, 135.20)—of which he was ultimately acquitted—relating to the prior incident. We reject that contention. Where counts of an indictment are properly joined because "either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first" (CPL 200.20 [2] [b]), the trial court has no discretion to sever counts pursuant to CPL 200.20 (3) (see People v Bongarzone, 69 NY2d 892, 895 [1987]; People v Lane, 56 NY2d 1, 7 [1982]). Here, we conclude that the counts were properly joined pursuant to CPL 200.20 (2) (b), and thus the court "lacked statutory authority to grant defendant's [severance] motion" (People v Murphy, 28 AD3d 1096, 1097 [4th Dept 2006], lv denied 7 NY3d 760 [2006]).
Defendant further contends that the court erred in refusing to suppress his inculpatory statements to the police because those statements were not voluntarily made. We conclude that defendant's contention lacks merit. Here, in light of the totality of the circumstances, the People proved beyond a reasonable doubt that the statements "were not products of coercion but rather were the result of a free and unconstrained choice by defendant" (People v Buchanan, 136 AD3d 1293, 1294 [4th Dept 2016], lv denied 27 NY3d 1129 [2016] [internal quotation marks omitted]; see People v Thomas, 22 NY3d 629, 641 [2014]; People v Clyburn-Dawson, 128 AD3d 1350, 1351 [4th Dept 2015], lv denied 26 NY3d 966 [2015]).
We reject defendant's additional contention that the identification procedures used by the police, i.e., photo arrays and a showup by which he was identified as the perpetrator, were unduly suggestive. Contrary to defendant's contention with respect to the photo array procedures, the court properly determined that "the subtle differences in the photographs . . . were not sufficient to create a substantial likelihood that the defendant would be singled out for identification' " [*2](People v Lee, 96 NY2d 157, 163 [2001], quoting People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]). With respect to the showup identification procedure, the court properly determined that the People met their initial burden of establishing "the reasonableness of the police conduct and the lack of any undue suggestiveness" and that defendant failed to meet his ultimate burden of establishing that the showup identification procedure was unduly suggestive (Chipp, 75 NY2d at 335).
Finally, we reject defendant's challenge to the legal sufficiency of the evidence supporting the conviction of attempted criminal possession of a weapon in the second degree. Although there is no dispute that the firearm at issue was not operable, "it is well settled that a defendant may be convicted of attempted criminal possession of a weapon when he or she believes that the firearm is operable" (People v Boyd, 153 AD3d 1608, 1609 [4th Dept 2017], lv denied 30 NY3d 1103 [2018]; see Matter of Lavar D., 90 NY2d 963, 965 [1997]; People v Saunders, 85 NY2d 339, 342 [1995]). Here, defendant's statements to the police established that he was aware that the father of the child was looking for him as a result of the prior incident at the preschool, which made defendant scared and galvanized him to purchase a firearm from a man on a dead-end street; that the firearm was loaded with a bullet; and that defendant did not examine the firearm and determine its inoperability until after subsequently returning home. Moreover, the firearms examiner testified that the firearm was inoperable due to a missing firing pin, which was not readily apparent from merely looking at the firearm. Contrary to defendant's contention, we conclude that such evidence is sufficient " to support the inference that [defendant] believed and intended the firearm to be operable' " when he purchased and possessed it before returning home (Boyd, 153 AD3d at 1609; see Lavar D., 90
NY2d at 965).
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court