People v Durant (2022 NY Slip Op 03028)

People v Durant

2022 NY Slip Op 03028

Decided on May 5, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 5, 2022

109873
[*1]The People of the State of New York, Respondent,
v
Maurice Durant, Appellant.

Calendar Date:March 25, 2022

Before:Garry, P.J., Lynch, Aarons, Colangelo and Ceresia, JJ.

Tracy A. Donovan Laughlin, Oneonta, for appellant.
Kirk O. Martin, District Attorney, Owego (Cheryl Mancini of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Tioga County (Keene, J.), rendered June 2, 2017, upon a verdict convicting defendant of the crimes of assault in the second degree (two counts), endangering the welfare of a child (two counts), assault in the third degree (two counts) and strangulation in the second degree (two counts).
Defendant was charged by indictment with two counts of assault in the second degree, two counts of endangering the welfare of a child, two counts of assault in the third degree and two counts of strangulation in the second degree. Some of these counts pertained to incidents relative to his child, while the remaining counts pertained to separate incidents relative to the child's mother. Prior to trial, defendant moved to sever the child-related counts from the counts related to the mother. County Court denied the motion. A jury trial ensued, after which defendant was convicted as charged. The court thereafter sentenced defendant as a second violent felony offender to various concurrent and consecutive terms of imprisonment. Defendant appeals. We affirm.
Defendant contends that the evidence was not legally sufficient to support the convictions for the two counts charging him with assault in the second degree — counts that involved allegations with respect to the child. This contention, however, is unpreserved because defendant failed to seek dismissal of these specific counts as part of his trial motion to dismiss (see People v Turner, 172 AD3d 1768, 1771 n [2019], lvs denied 34 NY3d 930, 939 [2019]). Notwithstanding the foregoing, defendant also challenges these convictions as being against the weight of the evidence. Where, as here, an acquittal on these counts would not have been unreasonable, we "'weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions'" (People v Richardson, 167 AD3d 1064, 1066 [2018], quoting People v Danielson, 9 NY3d 342, 348 [2007]; see People v Abreu, 195 AD3d 1152, 1153 [2021], lvs denied 37 NY3d 1144 [2021]).
The record reflects that defendant wanted to punish the child for playing with DVD cases and touching things that did not belong to him. According to the testimony of one witness, defendant, in September 2015, forced the child, who was approximately two years old at the time, to stand with his arms stretched forward and then he put a pile of DVDs on top of the child's arms. If a DVD fell from the child's arms, defendant whipped the child with a belt in the area of the child's lower back and middle of the legs. The DVDs would then be put back on top of the child's arms again and, if one fell, defendant would whip the child. The witness stated that defendant whipped the child with enough force such that the child "would get weak in the knees or fall" and that the child would be crying and screaming. After this incident, the witness observed bruising on the child. The mother also testified [*2]at trial and stated that, in December 2015, defendant held the child's left hand up and hit him multiple times with a belt. The mother stated that defendant used both ends of the belt — one of which had a metal buckle — that the child was crying when this occurred and that she observed bruising on the child's stomach and legs and red marks on his chest.
In assailing the convictions for assault in the second degree, defendant specifically contends that his use of force on the child was justified as parental corporal punishment under Penal Law § 35.10 (1). Viewing the evidence in a neutral light, however, including the child's age and the photographic evidence depicting the child's bruises, a reasonable person in defendant's position would not have believed that his actions with respect to the child were necessary to maintain discipline (see People v Kearns, 56 AD3d 1047, 1049 [2008], lv denied 12 NY3d 784 [2009]). Accordingly, the jury's rejection of defendant's justification defense was not against the weight of the evidence (see id.). To the extent that defendant argues that the People failed to prove that he intended to cause physical injury to the child, the jury could infer such intent based upon defendant's actions and the child's injuries (see People v Ash, 162 AD3d 1318, 1321 [2018], lv denied 32 NY3d 1002 [2018]; People v Tompkins, 8 AD3d 901, 903 [2004]).
Defendant argues that County Court erred in denying his severance motion. As relevant here, defendant, as the moving party, was required to show that "severance should be granted in the interest of justice and for good cause" (People v Lane, 56 NY2d 1, 7 [1982] [internal quotation marks omitted]). "Applications for severance are addressed to the trial court's sound discretion, which must weigh the public interest in avoiding duplicative, lengthy and expensive trials against the defendant's interest in being protected from an unfair advantage in favor of the People" (People v Burnett, 228 AD2d 788, 789-790 [1996] [internal quotation marks and citations omitted]).
As County Court found, the proof on the counts related to the child and the proof on the counts related to the mother derived largely from the same witnesses. Moreover, such proof with respect to these counts was offered separately and clearly (see People v Monte, 302 AD2d 687, 688 [2003]; People v Casiano, 138 AD2d 892, 894 [1988], lv denied 72 NY2d 857 [1988]), and the record fails to disclose that "the jury was not able to separately consider the discrete acts which constituted the separate charges of the indictment" (People v Johnson, 268 AD2d 891, 893 [2000], lvs denied 94 NY2d 921, 923, 924 [2000]). Given, as the court also found, that defendant failed to show that he would be unduly prejudiced in the absence of separate trials, the court providently exercised its discretion in denying the motion (see People v Fosmer, 293 AD2d 824, 825 [2002], lv denied 98 NY2d 696 [2002]; People v Cunningham, 229 AD2d 669, 671[*3][1996]).
Garry, P.J., Lynch, Colangelo and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.